Nash, C. J.
 

 The defendant is indicted for an assault and battery committed in the county of Mecklenburg. He pleaded, among other things, a former conviction for the same offense, and specially, that he was convicted and fined by the Intend-ant of Police of the town of Charlotte, where the offense was committed, and that the judgment had been executed, and by the private Act of'1850, incorporating said town, he could not be indicted.
 

 It is a principle of the common law, that when a man has once been acquitted or' convicted, upon any indictment, or other prosecution, before any Court having
 
 competent jurisdiction
 
 of the offense, he may plead such acquittal or conyiction, to any subsequent accusation for the same offense. 4th Bl. Com. 335. To render the plea available, the former judgment or trial must have been before a Court possessing the power to hold jurisdiction of the offense; in other words, the defendant must have been legally convicted or acquitted. The act of incorporation of the town of Charlotte does give to the Intendant oí Police, the power to try and punish the offense with which the defendant is charged, so far as the Legislature could confer it. This brings up directly, the constitutionality of the act, so far as this question is concerned. The power of
 
 *68
 
 the Judiciary to adjudge an act of the General Assembly unconstitutional, is too firmly established to be questioned; but the Courts will not exercise this power in eases of doubt Every act of the Legislatue is presumed to be constitutional and within its authority, and is to be declared unconstitutional only when no doubt exists.
 
 Hoke
 
 v. Henderson, 4th Dev. 1.
 
 Bank
 
 of
 
 Newbern
 
 v. Taylor, 2nd Murphy 266. When the words used are plain and clear, and the sense distinct and perfect arising on them, there is, in general, no room for construction or interpretation; 1 Story’s Com. on the Con. of the U. S. sec. 401.
 

 The bill of rights, constitutes a part of the constitution of this State. By the 8th sec. it is declared, “ that no freeman shall be put to answer any criminal charge, but by indictment, presentment or impeachment;” and by the 9th, “ that no freeman shall be convicted of any crime, but by the unanimous verdict of a jury of good and lawful men in open Court, as heretofore used.” The act in question is a clear and undoubted violation of both of these sections.
 

 The defendant was charged with having committed an assault and battery in the town of Charlotte; the act was a breach of the peace, and therefore, constituted a criminal charge, and by the 8th section, he could “ be put to answer it, but by indictment or presentment;” and by the 9th sec. could be convicted only “in open Court, by a jury of good and lawful men.” These principles are dear to every freeman; they are his shield and buckler against wrong and oppression, and lie at the foundation of civil liberty; they are declared to be
 
 rights
 
 of the citizens of North Carolina, and ought to be vigilantly guarded. The act of 1850, which we are considering, violates also the 12th section of the bill of rights. It declares, “ that no freeman ought to be, &c.” or in any manner destroyed or deprived of his life, liberty or property, but “ by the law of the land.” Loed Coxe, in his commentaries on MagNA Chaeta, where the phrase is first used, says these words, “by the law of the land” mean, “by due course of law,” which he afterwards explains to mean by indictment or pre-
 
 *69
 
 scntmcnt. Institute, 45, 50. Under the process, issued by the Intendant of Police, the defendant was deprived of his liberty for the time being, and there is nothing in the case to show that the Intendant was a Justice of the Peace for the county of Mecklenburg, within which the town of Charlotte is situated, or that he was acting in that capacity when he issued his process. All that he could do, if authorised to have the defendant arrested, was to bind him over to the proper Court for trial.
 

 It is however, argued, that trial by jury was not denied in this case to the defendant, ho might have appealed. Grant that ho might: does that comply with the constitutional provisions, as set forth in the 8th and 9th sections of the bill of rights ? What if ho could not appeal, could not give security, are his constitutional rights to be denied him, because of his poverty ? But again, the right is absolute and unconditional, untrammelled by any restrictions whatever. Every free person charged with a criminal offense, has a right to the decision of twenty-four of his fellow-citizens upon the question of his guilt; first, by a grand jury, and secondly, by a petty jury of good and lawful men ; he shall not be put to answer but by indictment, presentment or impeachment. Suppose, then, that he does appeal, how is he to be tried ? Upon the Intendant’s warrant and the judgment pronounced by him ? Where then is the constitutional protection? lie has lost it; no grand jury has been called on to say whether he shall go before a petty jury or not, but a single individual has sent him there. It would be often a mockery to tell a defendant, you do not lose the right of a trial by jury, because you may appeal: a palpable evasion of the constitutional protection guaranteed to every freeman. Nor can the acquiescence of the defendant in the judgment before the Intendant, give the latter jurisdiction of the case.
 
 Burroughs
 
 v. McNeil, 2 Dev. and Bat. Eq. 297.
 

 We agree with his Honor who tried the canse below, that the act of 1850, giving power to the Intendant of police of the town of Charlotte, to try such offenses, is unconstitutional and
 
 *70
 
 void; and that the conviction before him was illegal, and that it cannot avail the defendant under his plea of
 
 autrrefoits convict;
 
 there was against him no legal judgment.
 

 Per Cueiam. Judgment affirmed.