THE STATE v. W. G. GATES.

*Costs—Prosecutor—Perjury—Jurisdiction—Indictment.*

1. Perjury cannot be committed when the Court has no jurisdiction of the matter about which the alleged false oath was made.

2. The Court has no power to tax a prosecutor with costs when the indictment has been ignored by the grand jury.

3. The form of indictment for perjury, under the recent act (chapter 83, Laws 1889); approved.

Indictment for Perjury, tried before *Womack, J.,* at June Term, 1890, of DURHAM Superior Court.

The bill charged that the defendant "committed perjury upon the trial of a motion in the cause in an action in Durham Superior Court, * * * in which said motion it was sought to tax the costs in said action against A. M. Leathers, as prosecutor," etc. It was shown that the bill of indictment upon which Leathers was sought to be charged, as prosecutor, had been ignored by the grand jury.

There was a verdict of "guilty," and from the judgment pronounced thereon he appealed.

*The Attorney General,* for the State.
*Mr. W. W. Fuller,* for the defendant.

CLARK, J.: In order to constitute perjury, the false swearing must be in a matter material to the issue. When, therefore, the Court has no jurisdiction of the subject-matter in the investigation of which the false swearing is alleged to have taken place, there could be no issue, in contemplation of law, and the false swearing is not perjury. In the present case the perjury is alleged to have been committed in the trial of a motion to mark and tax one Leathers with the costs in a criminal action, in which the grand jury had

ignored the bill. The authority of the Court to tax prosecutors with costs is given in *The Code*, § 737, and no power is conferred by that section to tax a prosecutor with costs when the bill is ignored. *State* v. *Horton*, 89 N. C., 581; *State* v. *Cockerham*, 1 Ired., 381. Nor is this changed in the present instance by the recent amendment made to section 737 by chapter 34, Acts 1889, which extends the power to tax costs against a prosecutor to cases in which the defendant is discharged from arrest for want of probable cause, for there is no evidence or allegation that the defendant in the ignored bill was under arrest or discharged therefrom.

It was pointed out in *State* v. *Peters* at this term, that if the Court had jurisdiction of the subject-matter and of the person in the proceeding in which the false swearing is alleged to have occurred, it is immaterial whether the Court (there a magistrate) correctly or wrongly took final jurisdiction or bound over to Court, convicted or discharged the defendant, for the jurisdiction was to be determined by the facts charged by the State in such proceedings, and not by what occurred during the trial. The test, according to the authorities, seems to be that if upon the state of facts alleged by the State or (in a civil action) by the plaintiff the Court has jurisdiction, there is an issue if they are denied by the defendant, and any false swearing upon a matter material to such issue is perjury, although on the trial it might turn out that upon the truth of the facts as found there was not any case against the defendant, or none of which the Court had jurisdiction  Here the contention of the State was that one Leathers had instituted a criminal action frivolously and maliciously and that the grand jury had ignored the bill. Taking these facts to be all true, the Court had no jurisdiction of the motion and it was, therefore, immaterial in law whether the defendant swore falsely or not. *Studdard* v. *Linville*, 3 Hawks, 474; *State* v. *Alexander*, 4 Hawks, 182; *Buell* v. *State*, 45 Ark.,

107—53

336; *Collins* v. *State*, 78 Ala., 433; *Reg.* v. *Fairlie*, 9 Cox Crim. Cases, 209; Whart. Cr. Law, section 2232a (7th ed.); Desty Cr. Law, 75i.

The Court erred, therefore, in refusing the prayer for instruction asked by defendant "that if the jury believed the evidence the defendant is not guilty, because the affidadavit did not and could not affect the determination of the motion to tax A. M. Leathers with the costs of the action in *State* v. *Gates*, pending at October Term, 1889, of this Court because the bill of indictment was ignored by the grand jury, and in such case the Judge has no power to mark a prosecutor and tax him with the costs."

This renders it unnecessary to consider the other exceptions noted in the record. We will observe, however, in regard to the objections taken to the form of indictment, which is drawn in pursuance of chapter 83, Acts 1889, that the constitutionality of that act was passed upon in *State* v. *Peters* at this term and we re-affirm the ruling of that case. The office of an indictment is to inform the defendant with sufficient certainty of the charge against him to enable him to prepare his defence. This the form of indictment prescribed by the act does. It points out that the charge is perjury, the name of the Court and of the action in which it was alleged to have been committed, and the words sworn to by the defendant therein which are alleged to have been false. The defendant certainly could derive no just benefit from the insertion in the charge of the *minutiæ* of what would constitute perjury. The use of such phraseology was indeed always illogical, and the experience of ages has been that it served not so much to enlighten the defendant as to the charge he was to meet, as to present a net work of technicalities which hindered the trial of the cause upon its merits and very often caused a miscarriage of justice. Hence, the Legislature here, as elsewhere, in its wisdom has swept these details all away, or, rather, they are

all contained in the simple allegation, " did commit perjury." This, together with the name of the case and Court, and the words alleged to have been falsely sworn, are deemed by the law-making power amply sufficient to enable the defendant to prepare for his trial. If, in any case, further information is essential to the defendant, his remedy is not by objection to the bill, but by application for a "bill of particulars." *State* v. *Brady, ante,* 822.

Error.