STATE OF NORTH CAROLINA v. ALFRED LEE COOPER

No. 10

(Filed 5 November 1975)

1. Criminal Law § 161— appeal as exception to judgment

The appeal, itself, is an exception to the judgment and, even in the absence of an assignment of error, presents for review by the Supreme Court the question of whether there is any error appearing on the face of the record proper.

2. Burglary and Unlawful Breakings §§ 1, 3— burglary defined — necessity of specifying felony in indictment

Burglary, whether in the first degree or in the second degree, is the breaking and entering of a dwelling house of another in the nighttime with the intent to commit a felony therein, and the indictment for burglary must specify the felony which the defendant is alleged to have intended to commit at the time of the breaking and entering.

3. Burglary and Unlawful Breakings §3— indictment charging burglary — sexually assaulting a female — no felony specified

An indictment which alleged that defendant broke and entered an apartment, with the intent to commit a felony therein, to wit: "by sexually assaulting a female," was insufficient to charge defendant with first degree burglary, since, under the law of this State, there is no felony known as "sexually assaulting a female," but such phrase is broad enough to include both felonious and misdemeanor assaults against a female.

4. Burglary and Unlawful Breakings § 3— indictment insufficient to support burglary conviction — sufficiency for wrongful breaking and entering conviction

Though the indictment under which defendant was tried was insufficient as an indictment for burglary, it was sufficient to support a conviction under G.S. 14-54(b) for wrongfully breaking and entering a building.

APPEAL by defendant from *McLelland, J.*, at the 3 February 1975 Criminal Session of WAKE.

Upon separate indictments, consolidated for trial, the defendant was brought to trial on charges of burglary in the first degree and rape in the second degree. He was found guilty of

each of these offenses. On the charge of rape, he was sentenced to imprisonment for a term of 30 years, subject to credit for time spent in custody awaiting trial. On the charge of burglary, he was sentenced to imprisonment for life, this sentence to commence at the expiration of the sentence imposed on the charge of rape. He appealed to this Court, as a matter of right, from the life sentence imposed on the charge of burglary and to the Court of Appeals from the sentence imposed on the charge of rape. Thereupon, the latter appeal was ordered to be heard and determined in the Supreme Court prior to determination thereof in the Court of Appeals.

The indictment charging rape was in proper form. The indictment on the charge of burglary read as follows:

"THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 1 day of October, 1974, in Wake County Alfred Lee Cooper unlawfully and wilfully did feloniously during the nighttime between the hours of 1:00 a.m., October 1, 1974, and 3:00 a.m., October 1, 1974, break and enter the dwelling house of Martha Dianne James located at 519 East Jones Street, Raleigh, N. C. This dwelling at the time of the breaking and entering was actually occupied by Martha Dianne James. The defendant broke and entered with the intent to commit a felony therein, to wit: *by sexually assaulting a female*. G.S. 14-51." (Emphasis added.)

The evidence for the State is ample to show that on 1 October 1974, Miss James retired for the night in her apartment, in which she lived alone, at approximately 11:00 p.m. and went to sleep. When she retired the window to the bathroom was closed and the door to the apartment was locked with a chain lock on the inside. She was awakened by a noise in the apartment. A Negro man opened the closed door of her bedroom and entered the room, telling her to be quiet or he would shoot her. Despite her plea that he take her money and leave, the intruder, by force and against her will, proceeded to have sexual intercourse with her. Other than his above mentioned threat to shoot her if she did not remain quiet, there was no evidence that he had a gun or other weapon. After completing the act of intercourse, the intruder left the apartment. Immediately thereafter, Miss James discovered that the chain lock on the inside of the door to her apartment was no longer fastened, indicating that the intruder had thus departed from the apartment; the

bathroom window was open; the screen, previously in place at that window, was lying on the ground and a ladder was in place beneath the window. She promptly summoned the occupant of a neighboring apartment who called the police.

The ladder was not under the window nor was the screen on the ground at 1:00 a.m. at which time Miss James' neighbor entered the building. This condition was discovered at 3:00 a.m., following the departure of the intruder. A fingerprint, identified as that of the defendant, was found on the inside sill of the bathroom window. Neither Miss James nor her neighbor had ever seen the defendant in the apartment or about the building prior to this occurrence. On cross-examination, Miss James testified that the defendant's build, hair and lips were those of her assailant. When arrested, pursuant to a warrant, at the home of a friend, later in the morning of 1 October 1974, the defendant was found by the officers behind the door of an upstairs room, he having spent the latter part of the preceding night in a room on the first floor of the friend's home.

The defendant elected to offer no evidence.

*Attorney General Rufus L. Edmisten by Associate Attorney General Wilton E. Ragland, Jr., and Assistant Attorney General William F. Briley for the State.*

*W. Arnold Smith for defendant-appellant.*

LAKE, Justice.

The defendant made 17 assignments of error, of which 16 relate to rulings upon the admission of evidence and one relates to the denial of the defendant's motion for a directed verdict of not guilty. In his brief the defendant states:

"Counsel for Defendant-Appellant respectfully submits to the Court that he has pursued and examined the record in the case at bar as fully as possible, that he has researched relevant law with the respect to all objections made at trial and that he is unable to find any ruling of the Court which constitutes a clear or reasonable basis for arguing reversible error. * * * Counsel, therefore, respectfully requests the Court to examine the record proper and all other relevant material *ab initio* for the purpose of determining whether any right of Defendant-Appellant has been violated at trial."

---

---

Because of the gravity of the crimes of which the defendant has been found guilty, we have, notwithstanding the foregoing statement of his counsel, carefully examined the entire record. We also find no merit in any of the defendant's assignments of error, nor do we find any error, except as noted below, in any ruling of the trial court or in any other phase of the defendant's trial and conviction.

[1] The appeal, itself, is an exception to the judgment and, even in the absence of an assignment of error, presents for review by this Court the question of whether there is any error appearing on the face of the record proper. *State v. Carthens,* 284 N.C. 111, 199 S.E. 2d 456, cert. den., 415 U.S. 979; *State v. Sutton,* 268 N.C. 165, 150 S.E. 2d 50; *State v. Cox,* 265 N.C. 344, 144 S.E. 2d 63; Strong, N. C. Index 2d, Criminal Law, § 161.

As to the charge of second degree rape, we find no error upon the face of the record, or otherwise. The indictment charging the offense of rape was in proper form, after a trial free from error the jury returned a verdict finding the defendant guilty of second degree rape and the sentence imposed is not in excess of that authorized by the statute. G.S. 14-21(b). The judgment of the Superior Court sentencing the defendant to imprisonment for the term of 30 years in the State's Prison, with a credit of 128 days spent in custody awaiting trial, for the offense of second degree rape, entered in Case No. 74CR61242, is, therefore, affirmed.

We find error upon the face of the record proper with reference to the judgment entered in Case No. 74CR61243 sentencing the defendant to imprisonment for the term of his natural life in the State's Prison for the offense of first degree burglary. The error arises from the failure of the bill of indictment to charge the offense of burglary.

[2] Burglary, whether in the first degree or in the second degree, is the breaking and entering of a dwelling house of another in the nighttime with the intent to commit a felony therein. *State v. Tippett,* 270 N.C. 588, 155 S.E. 2d 269; *State v. Allen,* 186 N.C. 302, 119 S.E. 504; Strong, N. C. Index 2d, Burglary and Unlawful Breakings, § 1. The indictment for burglary must specify the felony which the defendant is alleged to have intended to commit at the time of the breaking and entering. *State v. Tippett, supra; State v. Allen, supra.*

The indictment here in question alleges the defendant broke and entered, with the intent to commit a felony therein, to wit: "by sexually assaulting a female." The indictment for burglary need not set out the felony which the defendant, at the time of the breaking and entering, intended to commit within the dwelling in as complete detail as would be required in an indictment for the actual commission of that felony. *State v. Allen, supra.* It must, however, state with certainty the felony which the State alleges he intended, at the time of his breaking and entering, to commit within the dwelling.

[3]   Under the law of this State there is no felony known as "sexually assaulting a female." In his charge to the jury the trial judge equated this term to rape or an assault with intent to commit rape. The term is not, however, limited to either or both of these felonies as a matter of law. It is broad enough to include other types of assaults upon females. An assault upon a female without intent to have sexual intercourse with her, even though it be sexually motivated, is a misdemeanor. G.S. 14-33(b)(2). The phrase used in this indictment, "sexually assaulting a female," is broad enough to include such an assault. Consequently, the indictment does not allege that at the time this defendant broke and entered the apartment of Miss James he intended to commit a specifically designated felony therein. It follows that the indictment in Case No. 74CR61243 does not charge the defendant with the crime of burglary and will not support the imposition of a sentence to life imprisonment for first degree burglary. In determining the sufficiency of the indictment, it is immaterial that the evidence at the trial was sufficient to show that at the time of breaking and entering the apartment the defendant had the intent to rape its occupant.

By reason of this error by the draftsman of the bill of indictment in Case No. 74CR61243, the judgment entered therein must be arrested and that case must be remanded to the Superior Court for the entry of proper judgment.

[4]   Though not sufficient as an indictment for burglary, the indictment, under which the defendant was tried for and convicted of burglary in the first degree, alleges that the defendant, at the specified time, broke and entered the dwelling house therein described. It is sufficient to support a conviction under G.S. 14-54(b) for wrongfully breaking and entering a building, a misdemeanor punishable under G.S. 14-3(a). The jury, having found him guilty of first degree burglary, necessarily found

---

Williams v. Adams

---

him guilty of breaking and entering a building. The indictment and verdict will, therefore, support a sentence pursuant to G.S. 14-3 (a). Case No. 74CR61243 is, therefore, remanded to the Superior Court of Wake County for the imposition of such sentence therein.

Case No. 74CR61242 (second degree rape) : No error.

Case No. 74CR61243 (first degree burglary) : Judgment arrested and case remanded for the imposition of a proper sentence.