STATE OF NORTH CAROLINA v. JEFFREY VICK

No. 839SC1119

(Filed 4 September 1984)

1. **Burglary and Unlawful Breakings § 3— breaking or entering—indictment—felony intended**

     An indictment was insufficient to charge felonious breaking or entering where it alleged that defendant intended to commit "a felony" but failed to specify the felony which defendant intended to commit, and defendant could only be convicted of misdemeanor breaking or entering under such indictment.

2. **Criminal Law § 80.1— employee time card—admissibility**

     A sufficient foundation was laid for the admission of an employee time card where the evidence showed that the time card was a record made in the regular course of business and that such records are relied upon by the employer in preparing the business payroll.

APPEAL by defendant from *Smith (Donald L.), Judge.* Judgment entered 16 March 1983 in Superior Court, FRANKLIN County. Heard in the Court of Appeals 27 August 1984.

Defendant was charged with and convicted of felonious breaking or entering in violation of N.C. Gen. Stat. Sec. 14-54. From a judgment on the verdict imposing a prison sentence of eight years, defendant appealed.

*Attorney General Rufus L. Edmisten, by Assistant Attorney General Dennis P. Myers, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Lorinzo L. Joyner, for defendant, appellant.*

HEDRICK, Judge.

[1] In his first assignment of error defendant contends his "conviction for felonious breaking or entering must be reversed because the indictment which failed to allege the intended felony was void." The record reveals that defendant was charged in an indictment containing the following language:

Date of Offense: 1-27-83

Offense in Violation of G.S.: 14-54

The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did break and enter a residence occupied by Marjorie Sue Denton, with the intent to commit a felony therein.

Defendant contends that this indictment fails to set out an essential element of the offense of felonious breaking or entering, *to wit*, intent to commit a specific identified felony, and "cannot therefore support the felony judgment entered."

The offense of felonious breaking or entering, set out in N.C. Gen. Stat. Sec. 14-54(a), has as one essential element felonious intent. *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965). Defendant cites several cases in support of his contention that an indictment charging felonious breaking or entering is defective if it fails to specify the felony which defendant intended to commit upon breaking or entering the residence. *See, e.g., State v. Faircloth*, 297 N.C. 388, 255 S.E. 2d 366 (1979); *State v. Allen*, 186 N.C. 302, 119 S.E. 504 (1923). The State correctly points out that the cases cited by defendant involve the offense of burglary, set out in G.S.

14-51, rather than breaking or entering under G.S. 14-54. We perceive no principled distinction between the two offenses, however—nor does the State argue that such a distinction exists—which would logically dictate that indictments charging burglary specify the felony intended by a defendant while indictments charging breaking or entering allege only that "a felony" was intended. We also note that the similarity of the two offenses was recently recognized by our Supreme Court in *State v. Freeman*, 307 N.C. 445, 298 S.E. 2d 376 (1983). We thus hold that an indictment charging the offense of felonious breaking or entering is sufficient only if it alleges the particular felony which is intended to be committed. Defendant's conviction of felonious breaking or entering is thus reversed and remanded to the trial court for judgment on a verdict of guilty of misdemeanor breaking or entering. *See State v. Cooper*, 288 N.C. 496, 219 S.E. 2d 45 (1975).

Defendant next assigns error to the admission of testimony tending to rebut the alibi defense relied on by defendant. In support of his contention that he spent the day at his mother's home on 27 January 1983, the day of the offense, defendant offered the testimony of his mother, Aline Vick, who testified that she was at home with her son on that day. On rebuttal, the State offered testimony by Jo Bachelor, custodian of employee time records at Ms. Vick's place of employment, regarding "time cards" indicating when an employee checked in and out on a particular day. This assignment of error is based on exceptions to the trial judge's rulings on direct examination of the witness regarding Ms. Vick's time card for the date in question. We have carefully examined each exception upon which this assignment of error is based and find that the judge did not err in admitting the testimony challenged by such exceptions.

[2] Defendant next contends that the court erred in admitting into evidence Ms. Vick's time card, arguing that the State failed to make an adequate preliminary showing that the time clock which made entries on the card "was accurate and operating properly." The record reveals that the time card introduced into evidence was a record made in the regular course of business and that such records are relied upon by Ms. Vick's employer in preparing the business payroll. We think the evidence in question bears sufficient indicia of reliability as to have been properly admitted by the trial court. *See Builders Supply v. Dixon*, 246 N.C.

136, 97 S.E. 2d 767 (1957) (machine-made ledger entries made in regular course of business held properly admitted into evidence). We note that defendant, while given ample opportunity to challenge the accuracy of the time clock on cross-examination, did not do so. The assignment of error is without merit.

Reversed and remanded for entry of judgment in accordance with this opinion.

Chief Judge VAUGHN and Judge WELLS concur.