STATE OF NORTH CAROLINA v. ROGER LEE FREEMAN

No. 695A84

(Filed 5 September 1985)

**1. Kidnapping § 1— indictment alleging kidnapping for rape or robbery—sufficient**

An indictment for kidnapping was sufficient where it alleged that the kidnapping was ". . . for the purpose of committing a felony: rape or robbery . . ." because the requirements of G.S. 15A-924(a)(5) were met by the allegation that the confinement, restraint, or removal was for the purpose of facilitating a felony; the additional rape or robbery language was mere harmless surplusage. G.S. 15-39(a)(2).

**2. Jury § 7.14— peremptory challenge after previously accepted juror reexamined**

The trial court erred in a prosecution for armed robbery, burglary, larceny, kidnapping, and rape by refusing to allow defendant to exercise his last peremptory challenge after a juror who had been previously passed by both sides spontaneously told the court that she had heard about the case at work and the trial court permitted both the defendant and the State to reexamine her. The trial court has discretion as to whether to reopen examination of a juror under specific conditions, but the parties have an absolute right to exercise any remaining peremptory challenges to excuse such a juror once the trial court in its discretion reopens examination. G.S. 15A-1214(g).

Justice Exum dissenting in part.

Justice Billings did not participate in the consideration or decision of this case.

APPEAL by the defendant from the judgment of *Judge Edward K. Washington*, entered July 26, 1984 in Superior Court, GUILFORD County.

The defendant was convicted of armed robbery, second degree burglary, felonious larceny, first degree kidnapping, first degree rape and first degree sexual offense. He received two consecutive life sentences for the rape and sex offense convictions and a fourteen year sentence for the armed robbery conviction to be served consecutive to the life terms. On the additional convictions the defendant received other sentences of imprisonment for specified terms. The defendant appealed the rape and sexual offense convictions as a matter of right pursuant to N.C.G.S. 7A-27 (a). On December 18, 1984, the Supreme Court allowed the defendant's motion to bypass the Court of Appeals on his appeal in the burglary, larceny, kidnapping and armed robbery cases. Heard in the Supreme Court May 13, 1985.

*Lacy H. Thornburg, Attorney General, by Claude W. Harris, Special Deputy Attorney General and Charles M. Hensey, Assistant Attorney General, for the State.*

*Robert L. McClellan, Assistant Public Defender for the Eighteenth Judicial District, for the defendant-appellant.*

MITCHELL, Justice.

The defendant brings forward assignments of error in which he contends that the indictment for first degree kidnapping is fatally defective and that the trial court erred in denying him the right to exercise a peremptory challenge. We conclude that the indictment for kidnapping is not defective. The trial court's error in denying the defendant the use of his remaining peremptory challenge, however, entitles him to a new trial.

The State presented evidence which tended to show that on the evening of March 24, 1984, the victim returned to High Point from a vacation. As she was unpacking her car, a man identified at the trial as the defendant, approached her. He pointed a gun at the victim's head and ordered her to come with him or he would kill her. The defendant took the victim to an abandoned house near her apartment complex. The defendant forced the victim to disrobe. He then placed a knife to her throat and forced her to engage in sexual intercourse. He also forced her to perform fellatio.

Subsequently the defendant forced the victim to accompany him to her apartment to search for a twenty-four hour bank card.

The card was soon located, and the defendant ordered the victim to drive him to a local shopping center where a twenty-four hour bank machine was located. The victim was forced at gunpoint to withdraw one hundred dollars and to turn it over to the defendant.

After returning to the apartment the defendant discovered that the victim was employed by a pizza restaurant. He then forced her to drive him to the restaurant in order to get money. When they arrived the restaurant was occupied, and the defendant instructed the victim to drive back to the apartment. He then released her. She called the police and subsequently gave a statement including a full description of her assailant. She also discovered that a gold bracelet and a gold necklace were missing from her jewelry box. The defendant was apprehended two days later at the High Point Bus Station.

The defendant testified that he met the victim at a bar on the night of March 24 and bought some illicit drugs from her. He further testified that he took some LSD later that evening and began hallucinating. He denied committing any of the alleged crimes.

At the close of all the evidence the defendant moved to dismiss the charges against him. The motion was denied and the case was submitted to the jury.

[1] The defendant first assigns as error the trial court's denial of his motion to quash the indictment for first degree kidnapping on the ground that it was fatally defective. The indictment alleges that:

> The jurors for the State upon their oath present that on or about the date of offense shown and in the county named above the defendant named above unlawfully, willfully and feloniously did kidnap [the victim], a person over the age of sixteen (16) years of age, by unlawfully confining, restraining, or removing her from one place to another without her consent, for the purpose of committing a felony: Rape or Robbery; said victim having been sexually assaulted.

The defendant argues that the phrase "rape or robbery" is an allegation in the alternative or disjunctive and in this case ren-

ders the kidnapping indictment fatally defective. We do not agree.

N.C.G.S. 15A-924(a)(5) provides in pertinent part that an indictment or other criminal pleading must contain:

> A plain and concise factual statement in each count which, without allegations of an evidentiary nature, asserts facts supporting every element of a criminal offense and the defendant's commission thereof with sufficient precision clearly to apprise the defendant or defendants of the conduct which is the subject of the accusation.

This provision incorporates the view expressed in prior holdings of this Court that an indictment must allege all of the essential elements of the offense charged. *E.g., State v. Riera*, 276 N.C. 361, 172 S.E. 2d 535 (1970); *State v. Gallimore*, 272 N.C. 528, 158 S.E. 2d 505 (1968); *State v. Barnes*, 253 N.C. 711, 117 S.E. 2d 849 (1961). It also incorporates our long held view that the purposes of an indictment include giving a defendant notice of the charge against him so that he may prepare his defense and be in a position to plead prior jeopardy if he is again brought to trial for the same offense. *E.g., State v. Burton*, 243 N.C. 277, 90 S.E. 2d 390 (1955); *State v. Greer*, 238 N.C. 325, 77 S.E. 2d 917 (1953).

The indictment in question complies with N.C.G.S. 15A-924 (a)(5). An essential element of kidnapping under N.C.G.S. 14-39 (a)(2) is that the confinement, restraint or removal be for the purpose of facilitating the commission of *any* felony or facilitating escape following the commission of *a* felony. The requirements of N.C.G.S. 15A-924(a)(5) are met for purposes of alleging this element by the allegation in the indictment that the confinement, restraint, or removal was carried out for the purpose of facilitating "a felony" or escape following "a felony." The allegations in the indictment adequately notify the defendant that he is charged with the crime of kidnapping. It is not required that the indictment specify the felony referred to in N.C.G.S. 14-39(a)(2).

The indictment in the present case alleges that the defendant kidnapped the victim "by unlawfully confining, restraining, or removing her from one place to another without her consent for the purpose of committing *a felony* . . . . (Emphasis added.) Therefore, the indictment charges the offense in the language of

the statute and is sufficient. *See State v. Jerrett*, 309 N.C. 239, 307 S.E. 2d 339 (1983). All of the elements of the crime of kidnapping are clearly alleged in the indictment. The additional "Rape or Robbery" language in the indictment is mere harmless surplusage and may properly be disregarded in passing upon its validity. *State v. Moore*, 284 N.C. 485, 202 S.E. 2d 169 (1974).

We are well aware that in burglary cases we have required that the indictment specify the particular felony which the defendant intended to commit. *E.g., State v. Norwood*, 289 N.C. 424, 222 S.E. 2d 253 (1976); *State v. Cooper*, 288 N.C. 496, 219 S.E. 2d 45 (1975); *State v. Tippett*, 270 N.C. 588, 155 S.E. 2d 269 (1967); *State v. Allen*, 186 N.C. 302, 119 S.E. 504 (1923). It is unnecessary for us to decide here whether that rule drawn from the ancient strict pleading requirements of the common law has survived the more liberal criminal pleading requirements of our new Criminal Procedure Act and other recent legislation designed to remove from our law unnecessary technicalities which tend to obstruct justice. It is sufficient here to say that, in light of the adoption of our new Criminal Procedure Act, our new Evidence Code, and other statutory revisions, this Court will not engraft additional unnecessary burdens upon the due administration of justice. The new statutory enactments were adopted for the purpose of making the law more understandable and improving the administration of justice. N.C.G.S. 15A-924, a part of our new Criminal Procedure Act, only requires that an indictment contain a plain and concise factual statement supporting every element of a criminal offense with sufficient precision to clearly apprise the defendant of the conduct which is the subject of the accusation. Evidentiary allegations are not required. The purpose of the statute is to simplify criminal proceedings. N.C.G.S. 15A-924, Official Commentary (1983).

The indictment here charges the offense of kidnapping in a plain, intelligible, and explicit manner and contains sufficient allegations to enable the trial court to proceed to judgment and to bar a subsequent prosecution for the same offense, and it is sufficient. *State v. Norwood*, 289 N.C. 424, 222 S.E. 2d 253 (1976). It also informs the defendant of the charge against him with sufficient certainty to enable him to prepare his defense. *State v. Gates*, 107 N.C. 832, 12 S.E. 319 (1890). A part of that preparation is the making of a motion for a bill of particulars if the defendant

feels he is in need of further factual information. N.C.G.S. 15A-925. This assignment of error is overruled.

[2] The defendant's next assignment of error concerns his contention that the trial court erred in refusing to permit him to peremptorily challenge a juror. The record indicates that during jury selection, a juror who had previously been passed by both sides spontaneously told the trial court that she had mistakenly stated earlier that she had not heard about the case. She said that she had in fact heard about the case at work. The trial court permitted both the defendant and the State to reexamine her. The juror stated that she gave no credence to what she had heard, that she had no preconceived ideas regarding the case and that she could be fair and impartial. Counsel for the defendant then sought to use his final peremptory challenge to remove her. The request was denied and jury selection continued.

In noncapital cases each defendant is allotted six peremptory challenges. N.C.G.S. 15A-1217(b)(1). The defendant in the present case had used five of his peremptory challenges and sought to use his remaining peremptory challenge to excuse the juror after she had been accepted by both parties. Under N.C.G.S. 15A-1214(g) a party in certain situations may use a remaining peremptory challenge to remove a juror he has already accepted if the challenge is made before the jury is impaneled. When construing this statute we have explicitly stated: "The decision whether to reopen examination of a juror previously accepted by both the State and defendant *and to excuse such juror either peremptorily or for cause* is a matter within the sound discretion of the trial judge." *State v. Parton,* 303.N.C. 55, 70-71, 277 S.E. 2d 410, 421 (1981) (emphasis added). Upon further reflection, however, we conclude that the quoted sentence from *Parton* was overbroad and must be disavowed in part.

In *Parton* we cited and relied upon *State v. Matthews,* 299 N.C. 284, 261 S.E. 2d 872 (1980) and *State v. Kirkman,* 293 N.C. 447, 238 S.E. 2d 456 (1977). Those cases and the statute itself justified our stated view that the decision whether to reopen examination of a juror previously accepted by the parties is a matter within the sound discretion of the trial court. N.C.G.S. 15A-1214(g)(1). But they do not support the proposition that once the trial court has decided to reopen the examination, the deci-

sion whether to permit a defendant to use one of his peremptory challenges to excuse such a juror is discretionary. Instead, we conclude that the intent of the legislature in adopting N.C.G.S. 15A-1214(g) was that the trial court have discretion as to whether to reopen examination of a juror under certain specific conditions, but that the parties have an absolute right to exercise any remaining peremptory challenges to excuse such a juror once the trial court in its discretion reopened the examination. This interpretation of the law better reflects the unchanging principle that: "The right to challenge a given number of jurors without showing cause is one of the most important of the rights secured to the accused . . . ." *Pointer v. United States*, 151 U.S. 396, 408 (1894). *See State v. Colbert*, 311 N.C. 283, 285, 316 S.E. 2d 79-80 (1984).

To the extent that the previously quoted statement in *State v. Parton*, 303 N.C. 55, 70-71, 277 S.E. 2d 410, 421 is inconsistent with our conclusion and holding in the present case, it is disavowed. The trial court having committed reversible error by failing to permit the defendant to use his remaining peremptory challenge, the defendant must be awarded a new trial on the charges against him which are the subject of this appeal.

New trial.

Justice BILLINGS did not participate in the consideration or decision of this case.

Justice EXUM dissenting in part.

Believing so much of the Court's opinion that holds it is not necessary for a kidnapping indictment to specify the felony referred to in N.C. Gen. Stat. § 14-39(a)(2) is an unwise departure from our applicable precedents, I dissent only from that portion of the opinion.

G.S. 14-39(a) requires that the state prove as an essential element of kidnapping that the "confinement, restraint or removal" of the victim is for the purpose of:

(1) Holding such other person for ransom or as a hostage or using such other person as a shield; or

(2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

(3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person.

N.C. Gen. Stat. § 14-39(a) (1981). In this case the theory of the indictment was that defendant removed the victim "for the purpose of committing a felony: Rape or Robbery . . . ." The indictment thus called into play subsection (2) of section (a) of the kidnapping statute.

This Court recognized, in an opinion by the Chief Justice: (1) unless a "short form" has been authorized by the legislature, indictments must allege all elements of the crime "accurately and clearly"; (2) the legislature has not authorized a short-form indictment for kidnapping; therefore (3) "the general rule governs the sufficiency of the indictment to charge the crime of kidnapping." *State v. Jerrett*, 309 N.C. 239, 259, 307 S.E. 2d 339, 350 (1983).

In *State v. Dammons*, 293 N.C. 263, 269, 237 S.E. 2d 834, 839 (1977), this Court held, at least by implication, that a kidnapping indictment must specify the particular felonious purpose which the abduction was meant to facilitate. In *Dammons* a kidnapping indictment charged that defendant removed the victim for the purpose of committing "a felony, to wit: Assault With a Deadly Weapon, With Intent to Kill, Inflicting Serious Injury, for the purpose of doing serious bodily injury to her, and for the purpose of terrorizing her." This Court unanimously held that it was reversible error for the trial court to instruct the jury that they could convict defendant if they found he removed her for the purpose of sexually assaulting her. The Court said: "While this theory of the case might be supported by the evidence, it is not charged in the indictment." 293 N.C. at 272-73, 237 S.E. 2d at 841. Had the indictment in *Dammons* been sufficient without specifying the felonies and had this language so specifying them been mere surplusage, it would not have been error for the trial court to instruct on a felonious purpose not charged in the indictment but supported by the evidence.

N.C. Gen. Stat. § 14-54 (1981) makes it a crime to "break or enter any building with intent to commit any felony or larceny

therein. . . ." As the majority recognizes, in prosecutions under this statute and in common law burglary prosecutions this Court has consistently held the indictment must specify the particular felony which defendant intended to commit when he entered the building. *State v. Norwood*, 289 N.C. 424, 222 S.E. 2d 253 (1976); *State v. Jones*, 264 N.C. 134, 141 S.E. 2d 27 (1965). With regard to a prosecution under G.S. 14-54, this Court said: "Felonious intent, an essential element of the felony defined in G.S. 14-54, 'must be alleged and proved, and the felonious intent proven, must be the felonious intent alleged, which, in this case, is the "intent to steal." ' *State v. Friddle*, 223 N.C. 258, 25 S.E. 2d 751, and cases cited." *State v. Jones*, 264 N.C. 134, 136, 141 S.E. 2d 27, 29 (1965).

There is no difference in principle between the necessity to allege the specific felony in prosecutions under G.S. 14-54 and prosecutions under subsection (2) of section (a) of the kidnapping statute.

An essential element of the crime of kidnapping as defined by subsection (2) of section (a) of the statute, just as in G.S. 14-54, is not that defendant have a purpose, or intent, to commit any felony generally. An essential element in both statutes is that defendant have the "purpose," or "intent" to facilitate the commission of, or to commit, some specified felony. The majority would concede that at trial it will be necessary for the state to prove in a kidnapping case that defendant had a purpose of facilitating the commission of some specified felony. It will not be enough to prove that he had a purpose of facilitating the commission of some unspecified felony. Further, the trial court must instruct the jury that in order to convict the defendant it must find beyond a reasonable doubt, among other things, that defendant's purpose was to facilitate the commission of some specified felony. Indeed, in *State v. Dammons*, 293 N.C. at 274, 237 S.E. 2d at 841, we held it error for the trial court to instruct the jury that it could convict defendant if it found, among other things, that he removed the victim "for the purpose of facilitating the commission of any felony . . . ."

Proof, in a kidnapping case, that defendant's purpose in removal was to facilitate the commission of some specified felony is necessary because it is this purpose that constitutes one of the essential elements of the crime if it is prosecuted under subsec-

tion (2) of section (a). To fail to prove at trial the specific felony which the removal was designed to facilitate would amount to failure to prove an essential element of the offense. Likewise, failure to allege the specific felony in the indictment is to fail to allege an essential element. In kidnapping indictments, failure to allege an essential element is fatal. *State v. Jerrett*, 309 N.C. 239, 307 S.E. 2d 339.

Failure in a kidnapping indictment brought under subsection (2) of section (a) to allege the specific felony which the removal was meant to facilitate is to fail adequately to inform defendant of the crime charged against him. A defendant, without the benefit of this allegation, would be hard pressed adequately to prepare a defense, especially if the defense turned on the absence of that element defined by subsection (2).

The result will be that in almost every case in which this element is not alleged in the indictment, defendant will move for a bill of particulars to require the state to reveal the element. This, inevitably, will add further paperwork and contribute to further delay of trials in a court system already well burdened with these attributes. On the other hand, it is no real impediment to the prosecution to insist that the element be alleged in the indictment. In cases where the purposes facilitated by the victim's removal are uncertain, or multiple, the state may simply allege all possible purposes in the conjunctive. It need at trial prove only one.

For these reasons I would vote to arrest judgment in the kidnapping case on the ground that the kidnapping indictment was fatally defective in that it alleged an essential element of the crime in the disjunctive. *State v. Helms*, 247 N.C. 740, 102 S.E. 2d 241 (1958). I would grant leave to the state to send a new bill to the grand jury in the kidnapping case. *Id.* Since all charges will have to be retried in any event, the state's interests in this case would not be prejudiced by such a holding.