STATE OF NORTH CAROLINA v. JAMES EMANUEL SILAS

No. 171PA05

(Filed 7 April 2006)

**Burglary and Unlawful Breaking or Entering; Indictment and Information— breaking or entering—intent—amended at close of evidence**

There is no requirement that an indictment for felonious breaking or entering contain specific allegations of the intended felony. However, if an indictment does specifically allege the intended felony, N.C.G.S. § 15A-923(e) mandates that such allegations may not be amended. Here, an indictment for breaking or entering with intent to commit murder was orally changed by the prosecutor at the end of all of the evidence to allege an intent to commit an assault. The trial court gave the State a second bite of the apple when there was no further opportunity for defendant to prepare or present contrary evidence.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous decision of the Court of Appeals, 168 N.C. App. 627, 609 S.E.2d 400 (2005), finding no error in part, arresting judgment in part, and remanding for a new sentencing hearing judgments entered 7 September 2000 by Judge Beverly T. Beal in Superior Court, Mecklenburg County. Heard in the Supreme Court 13 February 2006.

*Roy Cooper, Attorney General, by William P. Hart, Senior Deputy Attorney General, for the State-appellant.*

*Thomas K. Maher for defendant-appellee.*

BRADY, Justice.

At the close of all evidence, the trial court allowed the assistant district attorney to orally amend defendant's felony breaking or entering indictment. by changing the specifically alleged intended felony to conform to the evidence presented at trial. Because we find this alteration of the indictment was prejudicial error for a reason other than that found by the Court of Appeals, we modify and affirm the opinion of the Court of Appeals.

## FACTUAL BACKGROUND

On 9 July 1999, defendant James Emanuel Silas became angry with Rhonda Silas, his estranged wife from whom he had been sepa-

rated for approximately one month. Mrs. Silas had recently obtained a domestic violence restraining order against defendant, and defendant was upset about his wife's relationship with Jasper Herriott. Defendant drove to Mrs. Silas's apartment and upon arriving, forced open a latched door. When defendant entered the kitchen, he found Mrs. Silas, her daughter, and Mrs. Silas's niece present. Defendant and his wife exchanged words, whereupon defendant pulled out a .380 semiautomatic handgun and shot Mrs. Silas twice in the left thigh. Mrs. Silas escaped to an upstairs bedroom, and defendant departed the crime scene, eventually heading toward Herriott's apartment.

Upon arriving at Herriott's apartment building, defendant observed Herriott standing in front of the doorway. Defendant exited his vehicle and proceeded to fire his handgun numerous times at Herriott. Herriott quickly returned to his apartment, locked the door, and telephoned law enforcement. Meanwhile, defendant continued to fire his weapon into Herriott's apartment.

On 2 August, 8 October, and 29 November 1999, the grand jury of Mecklenburg County returned true bills of indictment against defendant for: (1) assault of Rhonda Silas with a deadly weapon with intent to kill and inflicting serious injury; (2) assault of Jasper Herriott with a deadly weapon with intent to kill; (3) discharging a weapon into property occupied by Herriott; (4) possession of a firearm by a felon; and (5) felonious breaking or entering a building occupied by Rhonda Silas.

At trial, the State presented evidence which tended to show the above facts. Defendant testified on his own behalf and asserted he was angry with Herriott and Mrs. Silas, but his intent was to harm them, not kill them. During the charge conference the assistant district attorney orally moved to amend the felonious breaking or entering indictment to conform to the evidence and the anticipated jury instructions, and the trial court allowed the motion. After instruction by the trial court, the jury deliberated and returned verdicts of guilty on all charges except for the assault of Rhonda Silas, for which the jury returned a verdict of guilty on the lesser included offense of assault with a deadly weapon inflicting serious injury. After finding defendant had a prior record level of IV, the trial court sentenced defendant in the presumptive range to consecutive terms of ten to twelve months, fifteen to eighteen months, and three terms of forty to fifty-seven months. The Court of Appeals found, *inter alia*, the man-

ner in which the trial court determined defendant's prior record level was error and unanimously remanded the case to the trial court for resentencing. The State did not seek review of this sentencing issue.

## THE AMENDMENT TO THE FELONIOUS BREAKING OR ENTERING INDICTMENT

The issue which gives rise to this appeal concerns the State's oral amendment of the felonious breaking or entering indictment. The indictment prepared by the State and returned by the grand jury reads:

THE JURORS FOR THE STATE UPON THEIR OATH PRESENT that on or about the 9th day of July, 1999, in Mecklenburg County, James Emanuel Silas unlawfully and wilfully did feloniously break and enter a building occupied by Rhonda Silas, used as a residence, located at . . . Charlotte, North Carolina, with the intent to commit a felony therein, to wit: murder.

During the charge conference, the trial court notified the parties it intended to instruct the jurors they must find defendant intended to commit the felony of assault with a deadly weapon with intent to kill inflicting serious injury or the felony of assault with a deadly weapon inflicting serious injury in order to convict defendant of felonious breaking or entering. Because such an instruction deviated from the original indictment, which identified the felony defendant allegedly intended to commit as "murder," the assistant district attorney orally moved to amend the indictment to conform to the evidence presented at trial and the anticipated instructions of the trial court. Although the trial court expressed the opinion that such an amendment was unnecessary, it allowed the State's motion over defendant's opposition.

Defendant appealed his convictions and sentences to the Court of Appeals, which arrested judgment on defendant's felonious breaking or entering conviction and remanded to the trial court with orders to enter judgment on misdemeanor breaking or entering. *See State v. Silas*, 168 N.C. App. 627, 609 S.E.2d 400 (2005). We affirm the Court of Appeals, but our reasoning differs from the rationale articulated by that court.

### ANALYSIS

In enacting Chapter 15A of the General Statutes, the Criminal Procedure Act, the General Assembly provided that "[a] bill of indict-

ment may not be amended." N.C.G.S. § 15A-923(e) (2005). This Court has interpreted that provision to mean a bill of indictment may not be amended in a manner that substantially alters the charged offense. *See State v. Snyder*, 343 N.C. 61, 65, 468 S.E.2d 221, 224 (1996). In determining whether an amendment is a substantial alteration, we must consider the multiple purposes served by indictments, the primary one being " 'to enable the accused to prepare for trial.' " *State v. Hunt*, 357 N.C. 257, 267, 582 S.E.2d 593, 600 (quoting *State v. Greer*, 238 N.C. 325, 327, 77 S.E.2d 917, 919 (1953)), *cert. denied*, 539 U.S. 985 (2003); *see also Apprendi v. New Jersey*, 530 U.S. 466, 478-79 (2000) (brief discussion of the historical use and requirements of indictments).

Relying on *State v. Vick*, 70 N.C. App. 338, 319 S.E.2d 327 (1984), the Court of Appeals held the alteration to defendant's indictment for felonious breaking or entering was a substantial alteration because an indictment for felonious breaking or entering is insufficient unless it alleges the particular felony which is the basis for the required element of "intent to commit any felony or larceny therein." N.C.G.S. § 14-54(a) (2005). The State argues the Court of Appeals' reliance on *Vick* was misplaced and *Vick* should be overruled consistent with this Court's opinion in *State v. Worsley*, 336 N.C. 268, 279-81, 443 S.E.2d 68, 73-74 (1994).

The State's arguments at the appellate level have been inconsistent. At the Court of Appeals, the State argued the amendment was not a substantial alteration because assault with a deadly weapon with intent to kill inflicting serious injury and assault with a deadly weapon inflicting serious injury are both lesser included offenses of the offense of first-degree murder. The Court of Appeals rejected this argument, noting

> our research has not revealed a case specifically stating assault with a deadly weapon with intent to kill inflicting serious injury or assault with a deadly weapon inflicting serious injury is a lesser included offense of first degree murder. We also note that the State has not cited any authority stating assault with a deadly weapon is a lesser included offense of first degree murder.

*Silas*, 168 N.C. App. at 634 n.1, 609 S.E.2d at 405 n.1. Before issuance of the mandate at the Court of Appeals, the State submitted additional authority to that court which casts doubt on whether felonious breaking or entering indictments must allege the intended felony.

Now, the State has "changed mounts in midstream," abandoning its argument presented to the Court of Appeals and instead arguing to this Court that *Vick* should be overruled. Despite these inconsistent theories, we agree with the State that *Vick* is contrary to *Worsley* and must be overruled.

In *Vick* the Court of Appeals relied on *State v. Faircloth*, 297 N.C. 388, 255 S.E.2d 366 (1979) and *State v. Allen*, 186 N.C. 302, 119 S.E. 504 (1923), in analogizing the offense of felonious breaking or entering to the offense of burglary. *See Vick*, 70 N.C. App. at 339-40, 319 S.E.2d at 328. In *Allen*, this Court noted indictments for burglary were insufficient unless they alleged the underlying felony which was intended to be committed within the dwelling by the defendant. *Allen*, 186 N.C. at 305-06, 119 S.E. at 505-06. However, as this Court noted in *Worsley*, all of this Court's opinions requiring these specific allegations "were decided prior to the enactment of N.C.G.S. § 15A-924(a)(5) . . . and are no longer controlling on this issue." 336 N.C. at 279, 443 S.E.2d at 73. This Court continued by explaining the pleading requirements of the Criminal Procedure Act are " 'more liberal' " than the " 'ancient strict pleading requirements of the common law.' " *Id.* at 280, 443 S.E.2d at 74 (quoting *State v. Freeman*, 314 N.C. 432, 436, 333 S.E.2d 743, 746 (1985)). Therefore, this Court held in *Worsley* an indictment for first-degree burglary was sufficient "even though it [did] not specify the felony the defendant intended to commit when he entered [the] apartment." *Id.* at 280, 443 S.E.2d at 74.

Because of the similarities between the elements and nature of felonious breaking or entering and burglary, we hold an indictment for felonious breaking or entering is not required to allege with specificity the felony a defendant intended to commit inside the building. It is sufficient for the indictment to allege, along with the other required elements of breaking or entering, that the defendant intended to commit a felony or larceny inside the building. The State could have simply sought in the original indictment allegations that defendant intended to commit a felony or larceny inside the building. Alternatively, the State could have sought a superseding indictment, after the return of the original indictment by the grand jury but before the commencement of the trial, which made only those general allegations required. *See* N.C.G.S. § 15A-646 (2005). Accordingly, we overrule *Vick* insofar as it is inconsistent with our holding today.

This, however, does not end our analysis. The State would have us reverse the Court of Appeals because the language in the indict-

ment describing the specific intended felony was nothing more than surplusage; therefore, any amendment to this surplusage is not a substantial alteration of the indictment. We disagree. As noted earlier, the primary purpose of an indictment is " 'to enable the accused to prepare for trial.' " *Hunt*, 357 N.C. at 267, 582 S.E.2d at 600 (quoting *Greer*, 238 N.C. at 327, 77 S.E.2d at 919). When the prosecution amends an indictment for felonious breaking or entering in such a manner that the defendant can no longer rely upon the statement of the intended felony in the indictment, such an amendment is a substantial alteration and is prohibited by N.C.G.S. § 15A-923(e).

The State relies on *State v. Freeman* in making the argument the amendment was made to "mere harmless surplusage" contained in the indictment and was therefore not a substantial alteration. In *Freeman*, this Court stated, "[t]he additional '[r]ape or [r]obbery' language in the indictment is mere harmless surplusage and may properly be disregarded in passing upon its validity." 314 N.C. at 436, 333 S.E.2d at 745-46. However, the issue in *Freeman* was the sufficiency of an indictment which alleged alternative underlying felonies for first-degree kidnapping. There was no allegation the defendant lacked notice of the prosecution's theory in *Freeman*, as the prosecution proceeded on a theory that the kidnapping was for the purpose of facilitating a rape and a robbery. *See id.* at 433-34, 333 S.E.2d at 744-45. This Court noted the surplusage in *Freeman* was harmless to the defendant, as he was informed of the charge and if he needed further clarification, the remedy would have been to request a bill of particulars. *Id.* at 436-37, 333 S.E.2d at 745-46 (citing N.C.G.S. § 15A-925).

In the case *sub judice*, the indictment served as notice to defendant apprising him of the State's theory of the offense. The subsequent alteration prejudiced defendant as he relied upon the allegations in the original indictment to his detriment in preparing his case upon the assumption the prosecution would proceed upon a theory defendant intended to commit murder. In its brief, the State concedes its trial theory was clearly stated in the original indictment: "The State's theory and proof was that defendant intended to kill, not assault . . . ." Because the indictment alleged defendant intended to commit murder after breaking and entering into Mrs. Silas's residence, defendant prepared his case and the theory of his defense, including his decision to testify on his own behalf, to discredit the allegation that he intended to kill Mrs. Silas. By doing so, defendant could hope to be acquitted of the charges alleged in the felonious

**STATE v. SILAS**

[360 N.C. 377 (2006)]

breaking or entering indictment, or at least be convicted of the lesser included offense of misdemeanor breaking or entering.

Defendant's preparation resulted in the jury being unable to find beyond a reasonable doubt he intended to kill Mrs. Silas, as evidenced by the jury returning a guilty verdict of assault with a deadly weapon inflicting serious injury instead of assault with a deadly weapon with intent to kill inflicting serious injury. The trial court gave the State a second bite of the apple by permitting the assistant district attorney to orally amend the indictment after the close of all evidence, when there was no further opportunity for defendant to prepare or present contrary evidence.

It is the State that draws up the indictment and crafts its language before submitting the indictment to the grand jury. If the State seeks an indictment which contains specific allegations of the intended felony, the State may not later amend the indictment to alter such allegations. Moreover, in felonious breaking or entering cases, as in burglary cases, "when the indictment alleges an intent to commit a particular felony, the State must prove the particular felonious intent alleged." *See State v. Wilkinson,* 344 N.C. 198, 222, 474 S.E.2d 375, 388 (1996). Because the State sought to indict defendant for felonious breaking or entering based upon a theory of intended murder, the State was required to prove defendant intended to commit murder upon breaking or entering Mrs. Silas's apartment; therefore, the amendment to the original indictment was a substantial alteration.

This amendment prejudiced defendant as to the one element of felony breaking or entering that differs from misdemeanor breaking or entering: The "intent to commit any felony or larceny therein." N.C.G.S. § 14-54(a). Nonetheless, there is no question the indictment properly charged defendant with misdemeanor breaking or entering. Therefore, the Court of Appeals' remedy was proper, and upon remand to the trial court judgment should be entered on misdemeanor breaking or entering.

In sum, we hold: (1) There is no requirement that an indictment for felonious breaking or entering contain specific allegations of the intended felony; only a general averment that defendant intended to commit a felony upon breaking or entering is required. We therefore overrule *State v. Vick* insofar as it is inconsistent with this opinion. (2) However, if an indictment does specifically allege the intended felony, N.C.G.S. § 15A-923(e) mandates such allegations may not be amended.

Because the amendment to the indictment was a substantial alteration which prejudiced defendant, we modify and affirm the opinion of the Court of Appeals.

MODIFIED AND AFFIRMED.