DILLON, Judge.
 

 Tara May Frazier ("Defendant") appeals from the trial court's judgment convicting her of negligent child abuse. For the following reasons, we vacate and remand.
 

 I. Background
 

 Defendant was indicted for negligent child abuse based on injuries discovered on her young child. A jury found Defendant guilty of the charge. The trial court entered judgment based on the jury verdict. Defendant timely appealed.
 

 II. Standard of Review
 

 We review a trial court's ruling permitting amendment of an indictment
 
 de novo
 
 .
 
 See
 

 State v. Brinson
 
 ,
 
 337 N.C. 764
 
 , 767,
 
 448 S.E.2d 822
 
 , 824 (1994).
 

 III. Analysis
 

 On appeal, Defendant contends that the trial court committed reversible error during the trial by permitting the State to amend the indictment.
 
 [1]
 
 After careful review, we agree with Defendant for the reasons stated below. Accordingly, we vacate the judgment and remand the matter to the trial court for further proceedings not inconsistent with this opinion.
 

 Defendant was indicted for negligent child abuse under
 
 N.C. Gen. Stat. § 14-318.4
 
 (a5) (2015) after Asheboro police discovered her
 
 *656
 
 unconscious in her apartment with track marks on her arms and her nineteen-month old child exhibiting signs of physical injury. Under § 14-318.4(a5), a parent of a young child is guilty of negligent child abuse if the parent's "willful act or grossly negligent omission in the care of the child shows a reckless disregard for human life"
 
 and
 
 the parent's act or omission "results in serious bodily injury to the child."
 
 N.C. Gen. Stat. § 14-318.4
 
 (a5).
 

 The indictment here alleged the following:
 

 [T]he defendant named above unlawfully, willfully and feloniously did
 

 show a reckless disregard for human life by committing a grossly negligent omission, by not treating a burn on the victim's chest, a scratch on the lower left side of chest, a laceration on right side of jaw, a scratch on left eye brow, and an abrasion to the lower lip of [the child] ..., who was 19 months old and thus under 16 years of age. The defendant's omission resulted in serious physical injury to the child. At the time the defendant committed the offense, the defendant was the child's parent.
 

 Put simply, the indictment alleges that Defendant committed negligent child abuse because: (1) she negligently failed to treat her child's chest and facial wounds ; (2) her failure caused these wounds to worsen; and (3) the resulting aggravation of these wounds caused the child to suffer serious bodily injury. During the trial, however, the State moved to amend the indictment "to include failure to provide a safe environment as the grossly negligent omission as well," in order to better reflect the evidence presented at trial.
 

 The General Assembly has provided that a "bill of indictment may not be amended." N.C. Gen. Stat. § 15A-923(e) (2015). However, our Supreme Court has construed this provision as only prohibiting changes "which would substantially alter the charge set forth in the indictment."
 
 State v. Price
 
 ,
 
 310 N.C. 596
 
 , 598,
 
 313 S.E.2d 556
 
 , 558 (1984) (internal quotation marks omitted).
 
 See also
 

 State v. Silas
 
 ,
 
 360 N.C. 377
 
 , 379-80,
 
 627 S.E.2d 604
 
 , 606 (2006). This rule helps ensure that "the accused [is able] to prepare for trial."
 
 Silas
 
 ,
 
 360 N.C. at 380
 
 ,
 
 627 S.E.2d at 606
 
 (internal quotation marks omitted). Thus, an amendment sought by the State at trial which alleges conduct by the defendant not previously alleged and which touches on an essential element of the charged crime would be a substantial, and therefore prohibited, alteration.
 
 See
 
 N.C. Gen. Stat. § 15A-924(a)(5) (stating that a criminal pleading-which includes an indictment-must contain a "concise factual statement" that "asserts facts supporting every element of a criminal offense" to apprise the defendant "of the conduct which is the subject of the accusation"). A defendant is entitled to a dismissal if the State attempts to substantially alter an indictment because of a "fatal variance" between the original indictment and the evidence presented at trial.
 
 State v. Overman
 
 ,
 
 257 N.C. 464
 
 , 468,
 
 125 S.E.2d 920
 
 , 924 (1962).
 

 For example, in a previous felony child abuse case, we have held that there was no fatal variance between an indictment alleging that the defendant's conduct caused a
 
 subdural
 
 hematoma and trial evidence establishing that the defendant's alleged conduct caused an
 
 epidural
 
 hematoma.
 
 State v. Qualls
 
 ,
 
 130 N.C.App. 1
 
 , 8,
 
 502 S.E.2d 31
 
 , 36 (1998),
 
 aff'd
 
 ,
 
 350 N.C. 56
 
 ,
 
 510 S.E.2d 376
 
 (1999). Specifically, we reasoned that though serious bodily injury was an essential element, an allegation regarding the
 
 location
 
 of the injury was "surplusage" and therefore not necessary in charging the offense.
 

 Id.
 

 In the present case, we conclude that the indictment amendment granted by the trial court constituted a substantial alteration. The amendment alleged conduct that was not set forth in the original indictment and which constituted Defendant's "willful act or grossly negligent omission," an essential element of the negligent child abuse charge. In the original indictment, the State alleged that Defendant's negligent omissions consisted of
 
 her failure to treat the child's pre-existing chest and facial wounds
 
 . These omissions occurred
 
 after
 
 the wounds had already been inflicted on the child. The amendment granted at trial, however, alleged that Defendant
 
 failed to provide a safe environment
 
 : an omission that occurred
 
 prior
 
 to her child incurring the wounds. Under this new theory, the jury could convict based on a
 
 *657
 
 finding that Defendant's failure to provide a safe living environment for her child was the cause of her child's wounds in the first instance, irrespective of whether she attempted to treat the wounds after they had been inflicted.
 
 [2]
 

 Admittedly, the amendment sought by the State may seem minor. However, since the amendment allowed the jury to convict Defendant of conduct not alleged in the original indictment and found by the grand jury, we must vacate the judgment against her. In addition to violating N.C. Gen. Stat. § 15A-923(e), the indictment amendment was prohibited under the Declaration of Rights contained in our North Carolina Constitution, which requires the grand jury to indict and the petit jury to convict for offenses charged by the grand jury. N.C. CONST.art. I, § 22 (amended 1971). As our Supreme Court has explained, "[t]hese principles are dear to every [citizen]; they are his shield and buckler against wrong and oppression, and lie at the foundation of civil liberty; they are declared to be [rights] of the citizens of North Carolina, and ought to be vigilantly guarded."
 
 State v. Moss
 
 ,
 
 47 N.C. 66
 
 , 68 (1854). "Every [citizen] ... has a right to the decision of twenty-four of his fellow-citizens upon the question of his guilt; first, by a grand jury, and secondly, by a petty jury of good and lawful [citizens]."
 

 Id.
 

 at 69
 
 .
 

 IV. Conclusion
 

 As the trial court committed reversible error by permitting the State to amend the indictment, we vacate the judgment and remand the matter to the trial court for further proceedings not inconsistent with this opinion.
 

 VACATED AND REMANDED.
 

 Judges ELMORE and HUNTER, JR., concur.
 

 [1]
 

 Defendant has raised additional arguments on appeal. However, as the indictment amendment constitutes reversible error, we need not reach these other arguments.
 

 [2]
 

 As Defendant notes in her brief, the jury verdict form did not provide jurors an option to indicate under what theory they were convicting Defendant.