STATE OF NORTH CAROLINA v. JEROME MITCHELL

No. 8527SC477

(Filed 5 November 1985)

1. Kidnapping § 1.2— kidnapping to facilitate felony or flight—evidence sufficient

There was sufficient evidence to support defendant's conviction for second degree kidnapping where the State's evidence would allow the jury to find that a store owner was restrained by defendant to facilitate the taking of his wallet contents against his will by violence or by putting him in fear, and that the store owner was restrained to facilitate defendant's flight following commission of the felony. G.S. 14-39 (Cum. Supp. 1983).

2. Kidnapping § 1.3— instruction on terrorizing—indictment based on facilitating felony or flight—new trial

Defendant was entitled to a new trial for kidnapping under the plain error rule where the indictment alleged that a store owner was restrained for the purpose of facilitating the commission of a felony or facilitating flight under G.S. 14-39(a)(2), and the court instructed the jury on terrorizing under G.S. 14-39(a)(3).

APPEAL by defendant from *Friday, Judge.* Judgment entered 3 October 1984 in LINCOLN County Superior Court. Heard in the Court of Appeals 23 October 1985.

Defendant was convicted of common law robbery, malicious throwing of acid, and second degree kidnapping. At trial, the State's evidence tended to show the following circumstances and events.

On 20 January 1984, three men, including defendant, entered Bill Spake's antique shop. Following a brief conversation, Spake was attacked by two of the men, defendant telling the others to hit Spake. After Spake was struck and fell to the floor, his pockets were emptied and he was bound hand and foot and his mouth was taped. Acid was then poured onto Spake's face.

Defendant testified, denying involvement and presenting alibi evidence.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Thomas B. Wood, for the State.*

*Appellate Defender Adam Stein, by Assistant Appellate Defender Louis D. Bilionis, for defendant appellant.*

WELLS, Judge.

[1] In his first assignment of error, defendant contends that his conviction of second degree kidnapping cannot stand because there was insufficient evidence to support it. Under the provisions of N.C. Gen. Stat. § 14-39 (Cum. Supp. 1983), a kidnapping must have as one of its essential elements a specified unlawful purpose. Defendant was charged with restraining Spake for the purpose of facilitating the commission of a felony or facilitating flight following the commission of a felony, the elements set forth in G.S. 14-39(a)(2). The State's evidence at trial would allow the jury to find that Spake was restrained by defendant in order to facilitate defendant's taking of Spake's wallet contents against Spake's will, by violence or putting him in fear, which constitutes the felony of common law robbery, *State v. Moore*, 279 N.C. 455, 183 S.E. 2d 546 (1971), and that Spake was restrained by defendant in order to facilitate defendant's flight following the commission of this felony. This assignment is overruled.

[2] In his second assignment, defendant contends that he is entitled to a new trial on the kidnapping charge because the trial court instructed the jury on terrorizing, under G.S. 14-39(a)(3), while the indictment alleged that Spake was restrained for the purpose of facilitating the commission of a felony or facilitating the flight of any person following the commission of a felony, under G.S. 14-39(a)(2). We agree and award a new trial on this charge.

In *State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984), involving a similar variance in a kidnapping indictment and the jury instruction, our Supreme Court held that a new trial was required. As in this case, the defendant in *Brown* did not object at trial to the instruction on terrorizing, but the Court held that the "plain error" rule adopted in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) was applicable to allow consideration of such an asserted error. While we view *Brown* as a significant extension and liberalization of the "plain error" standards set out in *Odom*,

State v. Mitchell

we conclude that *Brown* requires us to grant a new trial on the kidnapping charge in this case.

We have carefully examined defendant's additional assignment of error, find it to be entirely without error and therefore overrule it.

The results are:

In case no. 84CRS575,

No error.

In case no. 84CRS1606,

No error.

In case no. 84CRS4104,

New trial.

Judges ARNOLD and MARTIN concur.