State v. Lilley

STATE OF NORTH CAROLINA v. JAMES CLIFFORD LILLEY

No. 8515SC342

(Filed 3 December 1985)

**1. Assault and Battery § 14.1— assault with a deadly weapon inflicting serious injury—evidence sufficient**

There was no error in a prosecution for assault with a deadly weapon inflicting serious injury in the denial of defendant's motion to dismiss at the close of the State's evidence and his motion to set aside the verdict where defendant waived his right to assign error to the denial of his motion to dismiss by introducing testimony and there was no abuse of discretion in the denial of the motion to set aside the verdict in that the State's evidence tended to show that defendant was under the influence of drugs and alcohol at the time of the shooting; that defendant had pointed the gun at the victim earlier; that defendant and the victim's sister were fighting when the victim entered the apartment; that the victim pushed defendant to interpose himself between his sister and defendant; that defendant intentionally shot the victim, inflicting serious injury; defendant presented evidence tending to show he acted in self-defense; and the jury simply chose to believe the victim's version of events rather than defendant's.

**2. Assault and Battery § 15.6— assault with a deadly weapon inflicting serious injury—instruction on self-defense—no error**

The trial court did not err in a prosecution for assault with a deadly weapon inflicting serious injury by instructing the jury on self-defense that one who is the aggressor in an altercation cannot claim self-defense unless he abandons the fight where there was evidence to enable a reasonable person to conclude that defendant was the aggressor in that the victim testified that defendant had pointed a gun at him in a threatening manner less than five minutes before the shooting; that his sister and the defendant were arguing when he entered their apartment; and that the defendant still had the gun in his hand.

**3. Assault and Battery § 15.6— assault with a deadly weapon inflicting serious injury—instruction on self-defense—abandonment of fight by aggressor**

In a prosecution for assault with a deadly weapon inflicting serious injury, the trial court's instruction on the rule of restoration of the right to act in self-defense by an aggressor was sufficient to avoid plain error where the court instructed the jury that an aggressor cannot claim self-defense "unless he thereafter attempted to abandon the fight and gave notice to his opponent that he was doing so." N.C. Rules of App. Procedure 10(b)(2).

**4. Assault and Battery § 15.6— assault with a deadly weapon inflicting serious injury—instruction on self-defense—no prejudicial error**

There was no prejudicial error in the trial court's instructions on self-defense in a prosecution for assault with a deadly weapon inflicting serious injury where the court instructed the jury in its summary of defendant's theory of the case that "the defendant retreated into his apartment . . .," the victim

State v. Lilley

". . . advanced in a menacing manner . . ." and "I tell you that there is evidence tending to show that the defendant acted in self-defense," even though those phrases were not contained in the same paragraph as the instruction on self-defense, because the instructions must be construed contextually. N.C.G.S. 15A-1232.

5. **Assault and Battery § 15.2— assault with a deadly weapon inflicting serious injury—erroneous instruction—no prejudicial error**

There was no prejudicial error in a prosecution for assault with a deadly weapon inflicting serious injury where the trial court erroneously instructed the jury that when the victim entered defendant's bedroom he saw defendant holding a gun pointed in the victim's sister's direction even though there was no evidence presented at trial which showed that defendant had ever pointed the gun at the victim's sister. The erroneous statement did not relate to a crucial element of the offense or to defendant's claim of self-defense, the trial judge instructed that the jurors' own recollection of the evidence was to control, and defendant failed to point out the error to the trial judge when given the opportunity to do so before the jury retired.

6. **Assault and Battery § 15.7— assault with a deadly weapon inflicting serious injury—no duty to retreat in home—failure to instruct—not plain error**

There was no plain error in a prosecution for assault with a deadly weapon inflicting serious injury in the trial court's failure to instruct the jury that defendant had no duty to retreat in his own home where the rule that a defendant is not required to retreat in his own home applies only when the defendant is free from fault in bringing on the difficulty leading to the assault; there was evidence showing that defendant had hit the victim's sister, that defendant had earlier pointed a gun at the victim, that defendant had asked the victim to come over, that the victim heard the defendant and his sister quarreling when he entered their apartment, and that defendant still had the gun in his hand when the victim entered the bedroom; there was conflicting evidence as to whether the victim actually attacked defendant; the jury apparently reached the conclusion that defendant used excessive force in responding to the assault by the victim or that there had been no assault by the victim; and an instruction on the right of one to stand his ground and not retreat when attacked in his own home would not likely have changed the result in this case.

7. **Assault and Battery § 15.7— assault with a deadly weapon inflicting serious injury—right to defend one's habitation—instruction not given—no error**

The trial court did not err in a prosecution for assault with a deadly weapon inflicting serious injury by failing to give an instruction on the right to defend one's habitation where the defendant, regardless of whose version of the incident is believed, was aware of the victim's presence and his purpose. The rules governing defense of habitation are designed to allow the occupants of a home to protect themselves and their home where they may not have an opportunity to see their assailant or ascertain his purpose; however, once the assailant has gained entry, the usual rules of self-defense replace the rules governing defense of habitation.

Judge BECTON dissenting.

APPEAL by defendant from *Preston, Judge.* Judgment entered 11 October 1984 in Superior Court, ORANGE County. Heard in the Court of Appeals 16 October 1985.

Defendant was convicted in a jury trial of assault with a deadly weapon inflicting serious injury. The State's evidence showed that defendant was 37 years old at the time of the incident and lived with the victim's 20 year old sister. They and Michael Wilson, the victim, lived in the same apartment complex in Chapel Hill. On 24 June 1984, defendant came to Wilson's apartment and asked if Wilson could take his sister to the hospital because he, the defendant, was too "messed up" to drive her. Wilson questioned defendant as to what was wrong with his sister and defendant admitted to hitting her. Wilson replied, "You hit my sister. I'll kill you." Upon hearing this, defendant raised a pistol he had in his hand, pointed it at Wilson and said, "You ain't going to do a god damn thing." Wilson ignored defendant, who then left and returned to his own apartment. Wilson went to defendant's apartment a few minutes later, entered the open front door without knocking, and heard his sister and the defendant fighting. He walked back to the bedroom. Defendant was in the bedroom, standing between the door and the bed with the gun still in his hand. Wilson pushed defendant aside to get to his sister at which point defendant shot him.

Defendant's evidence tended to show that Wilson was a violent man with a reputation for "going after" men who had hurt his sister. Defendant admitted to hitting Wilson's sister and testified he went to get Wilson to drive her to the hospital. He denied taking a gun with him. After he returned to his own apartment, he was worried about what Wilson would do to him for hitting Wilson's sister, especially in light of Wilson's threat to kill him. Defendant placed a single bullet in his handgun and waited by his girlfriend's bedside for Wilson to arrive. Defendant testified he knew of Wilson's reputation for violence and that he believed Wilson owned several guns. Wilson arrived in the defendant's bedroom unannounced and defendant testified that Wilson immediately began pushing and shoving him. Defendant said Wilson reached a hand around to his back at the waistline; he believed Wilson was going for a gun and shot Wilson at that moment.

The trial judge granted defendant's motion to dismiss the "intent to kill" element of the indictment for assault with a deadly weapon with intent to kill inflicting serious injury. He instructed the jury on assault with deadly weapon inflicting serious injury, assault with a deadly weapon, assault inflicting serious injury and not guilty because defendant was acting in self-defense. The jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury, and the trial judge sentenced defendant to the presumptive term of three years imprisonment. Defendant appeals.

*Attorney General Thornburg by Assistant Attorney General William N. Farrell, Jr., for the State.*

*Epting and Hackney by Robert Epting for defendant appellant.*

PARKER, Judge.

[1] Defendant's first assignment of error is that the trial judge erred in denying defendant's motion to dismiss at the close of the State's evidence and his motion to set aside the verdict. By introducing testimony, however, defendant waived his right to assign as error the denial of his motion to dismiss at the close of the State's evidence. G.S. 15-173; *State v. Jones*, 296 N.C. 75, 248 S.E. 2d 858 (1978). The motion to set aside the verdict is a posttrial motion pursuant to G.S. 15A-1414, the disposition of which is within the discretion of the trial court. Therefore, refusal to grant a motion to set aside the verdict is not error absent a showing of abuse of that discretion. *State v. Batts*, 303 N.C. 155, 277 S.E. 2d 385 (1981).

The State's evidence tended to show that, at the time of the shooting, defendant was under the influence of drugs and alcohol; that defendant had pointed the gun at the victim earlier; that defendant and the victim's sister were fighting when the victim entered their apartment; that the victim pushed defendant to interpose himself between his sister and the defendant; and that defendant intentionally shot the victim, inflicting serious injury. While defendant did present evidence tending to show he acted in self-defense, the jury simply chose to believe the victim's version of events rather than defendant's. Defendant has failed to show that the trial judge abused his discretion in any way by denying

the motion to set aside the verdict as contrary to the weight of the evidence.

[2] Defendant's second assignment of error relates to the instruction given by the trial judge on the issue of self-defense; specifically, that it was error for the trial judge to instruct that one who is the aggressor in an altercation cannot claim self-defense unless he abandons the fight. Defendant asserts that no evidence supported a conclusion that he was the aggressor and that the instruction prejudiced him by misleading the jury. Clearly, it would be error for a trial judge to instruct the jury on a theory which could be used to convict defendant when that theory has no evidentiary support. *See, e.g., State v. Brown*, 312 N.C. 237, 321 S.E. 2d 856 (1984). However, there is evidence in this case to enable a reasonable person to conclude that defendant was the aggressor. The victim testified that defendant had pointed a gun at him in a threatening manner less than five minutes before the shooting; that his sister and the defendant were arguing when he entered their apartment; and that the defendant still had the gun in his hand. The defendant's conduct at or around the time of the shooting was such as to justify a conclusion that the defendant was the aggressor or, at least, not without fault in bringing on the altercation which led to the shooting. *See State v. Jennings*, 276 N.C. 157, 171 S.E. 2d 447 (1970). Thus, the giving of the challenged instruction was not error.

[3] Defendant next argues that the form of the above challenged instruction was erroneous because it did not specifically include an instruction that the claim of self-defense can be revived by withdrawing from the original difficulty. Defendant failed to object to this omission at trial when given an opportunity to do so. Therefore, unless "plain error" is found, this assignment of error has not been properly preserved for appeal. N.C. Rules App. Proc. 10(b)(2). The trial judge did include in his instruction on self-defense that an aggressor cannot claim self-defense "unless he thereafter attempted to abandon the fight and gave notice to his opponent that he was doing so." This statement on the rule of restoration of the right to act in self-defense is sufficient to avoid a finding of "plain error."

[4] Defendant also argues that the self-defense instruction did not meet the requirements of G.S. 15A-1232 by failing to ade-

quately apply the law as given to the evidence in the case. This argument is without merit. The trial judge gave a full summary of both the State's theory of the case and the defendant's. In that summary, the trial judge states, "The defendant retreated to his apartment . . ."; "Mike Wilson advanced in a menacing manner . . ." and "I tell you that there is evidence tending to show that the defendant acted in self-defense." While these phrases are not contained in the same paragraph as the instruction on self-defense, the instructions must be construed contextually and isolated portions will not be held prejudicial when the charge as a whole is correct. *State v. Jones*, 294 N.C. 642, 243 S.E. 2d 118 (1978).

[5]   The same rationale applies to defendant's third assignment of error. In summarizing the evidence, the trial judge erroneously stated that when Mike Wilson entered defendant's bedroom, "He saw James Lilley holding a gun pointed in her direction" (referring to Wilson's sister). All agree that there was no evidence presented at trial which showed that defendant had ever pointed the gun at Wilson's sister. This misstatement of fact, however, did not amount to prejudicial error. As noted above, an isolated statement in an otherwise substantially correct charge does not constitute prejudicial error. *State v. Gatling*, 275 N.C. 625, 170 S.E. 2d 593 (1969). The erroneous statement did not relate to a crucial element of the offense or of defendant's claim of self-defense. Additionally, the trial judge instructed that the jurors' own recollection of the evidence was to control. This instruction served to offset whatever prejudice may have resulted from the misstatement. Finally, defendant failed to point out the error to the trial judge when given an opportunity to do so before the jury retired. By failing to give the trial judge the opportunity to remedy the error, defendant effectively waived his right to assert this statement as error. *State v. Pratt*, 306 N.C. 673, 295 S.E. 2d 462 (1982).

[6]   Defendant's fourth assignment of error is that the trial judge committed prejudicial error by failing to instruct the jury on the right of one to use force in self-defense without retreating when he is in his own home. Although defendant did not request such an instruction at trial, nor did he object to its omission, he asks us to consider it on appeal under the "plain error" rule, adopted in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983) as an excep-

tion to North Carolina Rule of Appellate Procedure 10(b)(2). The exception provides that "plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *Id.* at 660, 300 S.E. 2d at 378, *citing* Fed. R. Crim. P. 52(b). Even after the adoption of the "plain error" rule, " '[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court. *Id.* at 661, 300 S.E. 2d at 378, *quoting Henderson v. Kibbe*, 431 U.S. 145, 154, 97 S.Ct. 1730, 1736, 52 L.Ed. 2d 203, 212 (1977).

In the case before us, the trial court should have included an instruction to the effect that the defendant had no duty to retreat when attacked in his own home. However, for the reasons set forth below, the failure to give such an instruction, in our view, falls short of the requirements of the "plain error" rule.

First, the rule allowing a person to stand his ground and not requiring him to retreat when attacked in his home applies only when the defendant is free from fault in bringing on the difficulty leading to the assault. *State v. Pearson*, 288 N.C. 34, 215 S.E. 2d 598 (1975). In this case, a reasonable juror could conclude that the defendant was not free from fault where there was evidence showing that defendant had hit the victim's sister; that defendant had earlier pointed a gun at the victim; that defendant had asked the victim to come over; that the victim heard the defendant and his sister quarrelling when he entered their apartment; and that defendant still had the gun in his hand when the victim entered the bedroom. This evidence is sufficient to support a conclusion that the defendant was not free from fault and, thus, could not avail himself of the general rule that one has no duty to retreat when attacked at home.

Second, there is conflicting evidence as to whether the victim actually "attacked" defendant. The victim testified that he had merely pushed the defendant to step in between his sister and the defendant. The defendant and his girlfriend testified that the victim "jumped on" defendant. Had the jury chosen to believe their testimony, defendant would likely have been acquitted. The jury apparently found the victim to be more credible. In the cases cited by the defendant supporting this assignment of error, the evidence was uncontroverted that the victim in each case had

made some sort of murderous assault on the defendant. Here, the jury, believing the testimony of the victim, found that there had been no violent attack by the victim on the defendant warranting the use of a deadly weapon. Even in one's own home, a person is not entitled to use excessive force to repel an attack. *State v. Mc-Combs*, 297 N.C. 151, 253 S.E. 2d 906 (1979). Whether excessive force was used is a question for the jury. *Id.* The jury in this case apparently reached the conclusion that defendant had used excessive force in responding to any assault by the victim, or even that there had been no assault by the victim. An instruction on the right of one to stand his ground and not retreat when attacked in his own home would not likely have changed the result in this case. For that reason, the failure to give such an instruction was not "plain error" and this assignment of error is overruled.

[7] Defendant's fifth and final argument is that the trial judge erred in failing to give an instruction on the right to defend one's habitation. Such an instruction is not supported by the evidence, however, and this defendant was not entitled to have the instruction given. The rules governing defense of habitation are designed to allow the occupants of a home to protect themselves and their home where they may not have an opportunity to see their assailant or ascertain his purpose. *McCombs, supra.* However, once the assailant has gained entry, the usual rules of self-defense replace the rules governing defense of habitation. *Id.* The defendant in this case, regardless of whose version of the incident is believed, was aware of the victim's presence and his purpose. Thus, only the normal rules of self-defense applied, and the defendant could not claim defense of habitation to justify shooting the victim.

In light of the facts of this case, the trial judge's instructions to the jury cannot be said to have prejudiced the defendant, nor affected the result. Having carefully reviewed the record and thoroughly considered all assignments of error, we find

No error.

Chief Judge HEDRICK concurs in the result.

Judge BECTON dissents.

Judge BECTON dissenting.

Believing that the trial judge committed "plain error" by failing to instruct the jury on the right of defendant to use force in self-defense without retreating because he was in his own home, I dissent. *See State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983). That the error prejudicially affected substantial rights of the defendant is buttressed by my belief that this is a close case on all issues, especially the issues involving whether defendant was the aggressor and the court's obvious misstatement that Mike Wilson, the victim, "saw James Lilley [the defendant] holding a gun pointed in her direction" (referring to Wilson's sister).