STATE OF NORTH CAROLINA v. JAMES CLIFFORD LILLEY

No. 22A86

(Filed 7 October 1986)

**Assault and Battery § 15.7— felonious assault—self-defense—no duty to retreat in own home—failure to instruct—no plain error**

In a prosecution for assault with a deadly weapon inflicting serious injury, the trial court should have instructed the jury on the right of one attacked in his own home to act in self-defense without first retreating, but the court's failure to give such an instruction did not constitute "plain error" under the circumstances of this case.

APPEAL of right under N.C.G.S. § 7A-30(2) from the decision of a divided panel of the North Carolina Court of Appeals, 78 N.C. App. 100, 337 S.E. 2d 89 (1985) (*Parker, J.,* with *Hedrick, C.J.,* concurring and *Becton, J.,* dissenting), finding no error in defendant's trial before *Preston, J.,* at the 11 October 1984 session of ORANGE County Superior Court. Heard in the Supreme Court on 9 September 1986.

*Lacy H. Thornburg, Attorney General, by William N. Farrell, Jr., Special Deputy Attorney General, and G. Patrick Murphy, Assistant Attorney General,* for the State.

*Epting & Hackney, by Robert Epting,* for defendant-appellant.

BROWNING, Justice.

The question presented is whether, notwithstanding defendant's failure to request an instruction or object to its omission, the trial judge committed "plain error" in failing to instruct the jury on the right of one attacked in his own home to act in self-defense without first retreating. We hold that under the circumstances of this case it is not "plain error" and affirm the Court of Appeals.

I.

The State's evidence tended to show that, at the time of the incident, defendant was living with the victim's sister, Lisa Wilson, in the same apartment complex in Chapel Hill where the victim, Michael Wilson, lived. On 24 June 1984, defendant went to

the victim's apartment and asked Wilson if he would take his sister to the hospital.

Wilson asked what was wrong with Lisa and defendant admitted that they had been quarreling and that he had hit her. Wilson replied, "You hit my sister. I'll kill you." Upon hearing this, defendant raised the pistol he had in his hand, pointed it at Wilson and said, "You ain't going to do a goddamn thing." Wilson ignored defendant, who then left and returned to his own apartment.

Wilson went to defendant's apartment a few minutes later, entered the open front door without knocking, and heard his sister and defendant fighting. He walked back to the bedroom. Defendant was in the bedroom, standing between the door and the bed, with the gun still in his hand. Wilson pushed defendant aside to place himself between the defendant and his sister at which point defendant shot him.

Defendant's evidence was in conflict with the State's evidence and tended to show that defendant did not have a gun when he went to the victim's apartment; that while in the victim's apartment the victim threatened to kill defendant; that defendant returned to his apartment and then got his gun because of the victim's threat and the fact that defendant knew the victim had several guns; that defendant was afraid the victim was going to try to kill him; that the victim entered defendant's apartment, came into the bedroom, shoved his sister aside and came at defendant; that the victim reached down toward his waistband; that defendant thought the victim was going after his gun when defendant shot the victim.

At trial, the trial court failed to instruct the jury on the right of one to use force in self-defense without retreating when one is in his own home. Defendant acknowledges that he neither requested this instruction nor did he object to its omission. The jury returned a verdict of guilty of assault with a deadly weapon inflicting serious injury, and the trial judge sentenced defendant to the presumptive sentence of three years imprisonment.

In his appeal to the Court of Appeals, defendant contended that the trial court erred in failing to instruct that defendant had no duty to retreat if he were attacked in his own home. A majori-

ty of the Court of Appeals' panel rejected defendant's argument, holding that the trial court should have included such an instruction, but that the failure to give it was not "plain error."

Judge Becton, believing that the trial judge committed "plain error" by failing to instruct the jury on the right of defendant to use force in self-defense without retreating because he was in his own home, dissented. Defendant appeals the decision of the Court of Appeals on this issue as a matter of right. N.C.R. App. P. 16(b). Defendant's Petition for Discretionary Review as to the other issues raised in his brief was denied. *State v. Lilley*, 78 N.C. App. 100, 337 S.E. 2d 89 (1985), *disc. rev. denied*, 316 N.C. 199, 341 S.E. 2d 582 (1986).

## II.

Defendant complains that the trial judge committed prejudicial error by failing to instruct the jury on the right of one to use force in self-defense without retreating when he is in his own home. Although defendant did not request such an instruction at trial, nor did he object to its omission, he asks us to consider it on appeal under the "plain error" rule, adopted in *State v. Odom*, 307 N.C. 655, 300 S.E. 2d 375 (1983), as an exception to North Carolina Rule of Appellate Procedure 10(b)(2). The exception provides that "plain error or defects affecting substantial rights may be noticed although they were not brought to the attention of the court." *Id.* at 660, 300 S.E. 2d at 378, *citing* Fed. R. Crim. P. 52(b). In adopting the "plain error" rule, this Court said, " '[i]t is the rare case in which an improper instruction will justify reversal of a criminal conviction when no objection has been made in the trial court.' " *Id.* at 661, 300 S.E. 2d at 378 (*quoting Henderson v. Kibbe*, 431 U.S. 145, 154, 52 L.Ed. 2d 203, 212 (1977) ).

For the reasons set forth below, we conclude that the trial court should have included an instruction that defendant had no duty to retreat, but in the case before us, the failure to give such an instruction does not constitute "plain error."

First, the rule allowing a person to stand his ground and not retreat when attacked in his home applies only when the defendant is free from fault in bringing on the confrontation leading to the assault. *State v. Pearson*, 288 N.C. 34, 215 S.E. 2d 598 (1975). As the Court of Appeals' majority opinion concluded:

In this case, a reasonable juror could conclude that the defendant was not free from fault where there was evidence showing that defendant had hit the victim's sister; that defendant had earlier pointed a gun at the victim; that defendant had asked the victim to come over; that the victim heard the defendant and his sister quarreling when he entered their apartment; and that defendant still had the gun in his hand when the victim entered the bedroom. This evidence is sufficient to support a conclusion that the defendant was not free from fault and, thus, could not avail himself of the general rule that one has no duty to retreat when attacked at home.

*State v. Lilley*, 78 N.C. App. at 106, 337 S.E. 2d at 93.

Second, there is conflicting evidence as to whether the victim attacked defendant. Defendant's evidence tended to show that the victim "jumped on" defendant. The victim testified that he merely pushed defendant aside to step between defendant and his sister. Here, the jury, apparently finding the victim to be more credible, reached the conclusion that there had been no violent attack by the victim; that defendant used excessive force in responding to any assault by the victim; or even that there had been no assault by the victim. An instruction on the right to stand ground and not retreat when attacked in one's home would not likely have changed the result in this case.

Third, in the recent case of *State v. Morgan*, 315 N.C. 626, 340 S.E. 2d 84 (1986), this Court discussed the "plain error" rule in a "self-defense" case where the homicide took place in the defendant's residence and business. As in the present case, the defendant in *Morgan* submitted no request for special jury instructions to the effect that he had the right to stand his ground and repel force with force in his own home or place of business, if he were found not to be the aggressor, nor did he object to the trial court's failure to so charge the jury. This Court held that although it was error for the trial court not to instruct the jury as to one's right to stand his ground when attacked in his own home or business, this error was not properly preserved for review by reason of the defendant's failure to comply with Rule 10(b)(2) of the Rules of Appellate Procedure. This Court further found upon review of the record pursuant to *State v. Odom*, 307

N.C. 655, 300 S.E. 2d 375 (1983), and *State v. Walker*, 316 N.C. 33, 340 S.E. 2d 80 (1986), that such error did not constitute "plain error." Quoting from *Walker*, this Court said in *Morgan*:

> "The plain error rule applies only in truly exceptional cases. Before deciding that an error by the trial court amounts to 'plain error,' the appellate court must be convinced that absent the error the jury probably would have reached a different verdict. *State v. Odom*, 307 N.C. at 661, 300 S.E. 2d at 378-79. In other words, the appellate court must determine that the error in question 'tilted the scales' and caused the jury to reach its verdict convicting the defendant. *State v. Black*, 308 N.C. at 741, 303 S.E. 2d at 806-07. Therefore, the test for 'plain error' places a much heavier burden upon the defendant than that imposed by N.C.G.S. § 15A-1443 upon defendants who have preserved their rights by timely objection. This is so in part at least because the defendant could have prevented any error by making a timely objection. *Cf.* N.C.G.S. § 15A-1443(c) (defendant not prejudiced by error resulting from his own conduct)."

*Morgan*, 315 N.C. at 645, 340 S.E. 2d at 96 (quoting *Walker*, 316 N.C. at 39, 340 S.E. 2d at 83-84).

In the present case, a review of the whole record does not convince us that absent the error the jury probably would have reached a different verdict. Defendant, therefore, has not met his burden of showing "plain error."

The decision of the Court of Appeals is affirmed.

Affirmed.