STATE OF NORTH CAROLINA v. JERRY WAYNE BAILEY

No. 8918SC807

(Filed 6 March 1990)

**1. Indictment and Warrant § 12 (NCI3d) — victim's name changed in indictments — no amendment**

A change in indictments to reflect the proper name of the victim was not an amendment within the meaning of N.C.G.S. § 15A-923(e), since the charge set forth in the indictment was not altered, and defendant could not have been misled or surprised as to the nature of the charges against him.

**Am Jur 2d, Indictments and Informations §§ 129, 174, 178, 190.**

STATE v. BAILEY

[97 N.C. App. 472 (1990)]

2. **Criminal Law § 544 (NCI4th)— prosecutor's questions about another offense—no substantial and irreparable prejudice**

In a prosecution of defendant for first degree kidnapping, armed robbery, and assault with a deadly weapon with intent to kill inflicting serious injury, the trial court did not err in denying defendant's motion for mistrial based on his contention that the prosecutor's questions as to whether defendant shot out the windows of his girlfriend's house shortly before the charged crimes were committed resulted in substantial and irreparable prejudice to his case because they improperly suggested to the jury that he was in possession of the gun prior to the events in question, thus bolstering the victim's testimony that defendant first used the gun.

**Am Jur 2d, Evidence §§ 320, 333.**

3. **Criminal Law § 34 (NCI4th)— defense of duress—insufficiency of evidence**

In a kidnapping, robbery, and assault prosecution the trial court did not err in refusing to instruct the jury on the defense of duress, since defendant testified that, during the struggle with the victim, he gained control of the gun, demanded and received the victim's wallet, and then shot him in the back of the head, and this testimony plainly negated a defense of duress.

**Am Jur 2d, Criminal Law § 148.**

4. **Assault and Battery § 15.5 (NCI3d)— aggressor unable to claim self-defense—instruction proper**

It was not error for the trial court to instruct that one who is an aggressor cannot claim self-defense where the victim testified that, when he stopped his truck to let defendant out, defendant without provocation pulled a gun, uttered a profane threat to kill him, and then placed the muzzle of the gun against his head.

**Am Jur 2d, Assault and Battery § 69.**

5. **Kidnapping § 1.3 (NCI3d)— basis for first degree kidnapping charge—improper instruction—plain error**

Defendant was entitled to a new trial on the kidnapping charge where the trial court committed plain error by instructing the jury on serious bodily injury under N.C.G.S. § 14-39(b),

while the indictment alleged as the basis for first degree kidnapping that the victim was not released in a safe place.

**Am Jur 2d, Abduction and Kidnapping §§ 13, 18.**

APPEAL by defendant from judgments entered 23 February 1989 in GUILFORD County Superior Court by *Rousseau, Julius A., Judge.* Heard in the Court of Appeals 13 February 1990.

Defendant was convicted of first-degree kidnapping, armed robbery, and assault with a deadly weapon with intent to kill, inflicting serious injury. The State's evidence tended to establish that at approximately 2:00 a.m. on 13 June 1988 the victim, Cebron Pettress, was stopped at a convenience store to purchase gas for his pickup truck. When he returned from paying, he found defendant, a stranger, standing next to the truck on the passenger side. Defendant requested a ride. Pettress obliged. After driving a short distance, Pettress reached his turn-off and pulled over to let defendant out. Defendant remained in the truck, pulled out a gun, and uttered a profane threat to kill Pettress. Defendant ordered Pettress to get out of the truck and lie face down in the road. Pettress, leaving the motor running, obeyed. Defendant then ordered him to get up from the road and lie face down in a ditch alongside the road. Again he obeyed. A third time, defendant ordered Pettress to get up, forcing him into the woods. There, defendant once more made him lie face down. As Pettress pleaded for his life, defendant put the gun against his head and demanded his money. Pettress complied. Defendant pulled the trigger.

Pettress testified that he felt an explosion hit his head, jumped up, and told defendant, "You shot me." He struggled with defendant, causing him to drop the gun. Pettress picked up the gun and shot defendant twice in the chest. He then beat defendant's face with the gun. Pettress further testified that defendant broke free, ran to the truck, and drove away. Pettress walked to the road and hailed a passing police car.

Both men were admitted shortly thereafter to the emergency room of a nearby hospital. Pettress was treated for a gunshot wound to his head. Defendant was treated for two gunshot wounds to his chest and injuries to his face. Pettress' wallet was discovered by hospital personnel in the pocket of defendant's trousers.

Defendant testified that it was Pettress who first pulled the gun, robbed defendant of his wallet, and then shot defendant in the chest. Defendant also testified that

> we was [sic] wrestling, and we both fell and hit the ground, and I landed on top of him, and I managed to get the gun from him. . . . And then I told him to give me my wallet back, and he give [sic] me my wallet. And in the process I told him to give me his wallet. . . . Then he give [sic] me the wallets and I stuck them in my back pocket, and then I shot him in the back of the head and I took off running.

From the judgments entered on the jury's verdicts of guilty, defendant appeals.

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Roy A. Giles, Jr., for the State.*

*Appellate Defender Malcolm Ray Hunter, Jr., for defendant-appellant.*

WELLS, Judge.

[1] Defendant first assigns as error the trial court's allowing the State's motion to correct the indictments to properly reflect the name of the victim. Defendant argues that this correction constitutes an impermissible amendment to the indictments. We disagree.

N.C. Gen. Stat. § 15A-923(e) provides that "[a] bill of indictment may not be amended." An amendment within the meaning of this statute is "any change in the indictment which would substantially alter the charge set forth in the indictment." *State v. Marshall*, 92 N.C. App. 398, 374 S.E.2d 874 (1988) (quoting *State v. Price*, 310 N.C. 596, 313 S.E.2d 556 (1984) ). In *Marshall*, this Court held that a change to one of four indictments, reconciling an inconsistency respecting the victim's surname, did not constitute an amendment within G.S. § 15A-923(e) where the variance in the indictment was inadvert and the defendant was neither misled nor surprised as to the nature of the charges.

In the present case, the three indictments before us state the victim's name as Pettress Cebron. The trial court allowed the State's motion to change the indictments to correctly reflect the victim's name as Cebron Pettress. No additional changes were made,

and the indictments are correct in all other respects. The error in the indictments was inadvertent. We discern no manner in which defendant could have been misled or surprised as to the nature of the charges against him. We conclude that the change to the indictments in this case is not an amendment within the meaning of G.S. § 15A-923(e), and the trial court properly allowed the State's motion. This assignment of error is overruled.

[2] By his third assignment of error, defendant challenges the trial court's denial of his motion for mistrial. To place this issue in the appropriate context, the record reflects that defendant testified on direct examination that he went to his girlfriend's apartment, located near the scene of the crime, at approximately 1:30 a.m., about one-half hour before the shooting. The prosecutor cross-examined defendant as follows:

Q. Did you actually go over to [your girlfriend's] house?

A. Yes[.]

Q. You know that her house was broken into that night, don't you?

[DEFENSE COUNSEL]: Objection.

COURT: Sustained.

Q. Well, did you break into her house?

[DEFENSE COUNSEL]: Objection.

COURT: Sustained.

[DEFENSE COUNSEL]: Make a motion, Judge.

COURT: Motion denied.

Q. Did you shoot—

[DEFENSE COUNSEL]: Like [sic] to have it on the record at the appropriate time.

Q. Did you shoot her windows out at her house?

COURT: Sustained.

[DEFENSE COUNSEL]: Motion for mistrial.

COURT: Motion denied.

STATE v. BAILEY

[97 N.C. App. 472 (1990)]

Defendant requested no curative instruction. At the close of the evidence and out of the jury's presence, the trial court heard argument on the admissibility of the evidence sought by this last question and on defendant's motion for mistrial, which was renewed at this time. The court again sustained the objection to the question and again denied the motion for mistrial. Defendant at this time also failed to request a curative instruction.

In support of this assignment of error, defendant contends that the prosecutor's questions resulted in substantial and irreparable prejudice to his case because they improperly suggested to the jury that he was in possession of the gun prior to the events in question, thus bolstering the victim's testimony that defendant first used the gun. Defendant also contends that the prosecutor's repeated use of this line of questioning, despite the trial court's rulings, and the trial court's failure to give a curative instruction *ex mero motu* contributed to the prejudicial effect of the questions. We find no error.

A trial court "must declare a mistrial upon the defendant's motion if there occurs during the trial an error or legal defect in the proceedings . . . resulting in substantial and irreparable prejudice to the defendant's case." N.C. Gen. Stat. § 15A-1061. It is well established, however, that the decision as to whether such prejudice has occurred within the meaning of the statute is addressed to the sound discretion of the trial judge. *State v. Green*, 95 N.C. App. 558, 383 S.E.2d 419 (1989) (and cases cited therein). Consequently, a trial court's ruling on a motion for mistrial is not reviewable on appeal absent the appearance of a manifest abuse of that discretion. *Id.* Applying these standards to the issue before us, we conclude that no abuse of discretion appears, and therefore we overrule this assignment of error.

By three related assignments of error defendant challenges the trial court's jury instructions. Defendant advances arguments going to the trial court's refusal to give an instruction on duress and to the trial court's instructions given on self-defense and first-degree kidnapping. We address these in turn.

[3] First, defendant contends that the trial court erred in refusing to instruct the jury on the defense of duress in connection with the charge of armed robbery. To be entitled to an instruction on the defense of duress, defendant must have presented evidence sufficient to invoke the benefit of that doctrine. *State v. Henderson,*

64 N.C. App. 536, 307 S.E.2d 846 (1983). Defendant, however, testified that during the struggle he gained control of the gun, demanded and received from Pettress Pettress' wallet, and then shot him in the back of the head. This testimony plainly negates a defense of duress, and the trial court did not err in refusing to give the requested jury instruction.

[4] Second, defendant challenges as plain error the trial court's instruction to the jury that self-defense was an excuse only if he was not the aggressor. It is axiomatic that "[a] prerequisite to . . . engaging in a 'plain error' analysis is the determination that the [action] complained of constitutes 'error' at all." *State v. Johnson*, 320 N.C. 746, 360 S.E.2d 676 (1987); *see also State v. Walker*, 316 N.C. 33, 340 S.E.2d 80 (1986) (and cases cited therein). It is not error for the trial court to instruct that one who is an aggressor cannot claim self-defense where the evidence in the record supports such an instruction. *State v. Lilley*, 78 N.C. App. 100, 337 S.E.2d 89, *aff'd*, 318 N.C. 390, 348 S.E.2d 788 (1985). Pettress testified that when he stopped his truck to let defendant out, defendant, without provocation, pulled a gun, uttered a profane threat to kill him, and then placed the muzzle of the gun against his head. This evidence is clearly sufficient to support the challenged instruction, and a plain error analysis is consequently inapplicable. *Johnson*, *supra*.

[5] Lastly, defendant contends that he is entitled to a new trial on the first-degree kidnapping charge because the trial court instructed the jury on serious bodily injury under G.S. § 14-39(b) while the indictment alleged as the basis for first-degree kidnapping that the victim was not released in a safe place. Defendant did not object at trial to this aspect of the jury instructions. Instead, he argues that this variance between the instruction and the indictment constitutes plain error. We agree and award defendant a new trial on the kidnapping charge.

This Court addressed the same issue in *State v. Mitchell*, 77 N.C. App. 663, 335 S.E.2d 793 (1985), *cert. denied*, 315 N.C. 594, 341 S.E.2d 35 (1986). We stated in that case:

> In *State v. Brown*, 312 N.C. 237, 321 S.E.2d 856 (1984), involving a similar variance in a kidnapping indictment and the jury instruction, our Supreme Court held that a new trial was required. As in this case, the defendant in *Brown* did not object at trial to the instruction . . . but the Court held that the

## ELECTRIC SUPPLY CO. v. SWAIN ELECTRICAL CO.
[97 N.C. App. 479 (1990)]

'plain error' rule adopted in *State v. Odum*, 307 N.C. 655, 300 S.E.2d 375 (1983) was applicable to allow consideration of such an asserted error. While we view *Brown* as a significant extension and liberalization of the 'plain error' standards set out in *Odum*, we conclude that *Brown* requires us to grant a new trial on the kidnapping charge in this case.

Likewise, *Brown* and *Mitchell* require that defendant in this case be awarded a new trial on the charge of first-degree kidnapping. *Accord State v. McClain*, 86 N.C. App. 219, 356 S.E.2d 826 (1987).

Defendant's remaining assignments of error are deemed waived pursuant to N.C. R. App. P., Rule 28(a).

The results are:

In case No. 88CRS41544,

New trial.

In cases Nos. 88CRS41545-46,

No error.

Judges COZORT and LEWIS concur.