STATE OF NORTH CAROLINA v. BRODERICK TERRELL MORRIS

No. COA06-1316

(Filed 21 August 2007)

**Kidnapping— amendment of indictment—purpose of confinement, restraint, or removal—substantial alteration**

The trial court's amendment of a kidnapping indictment that removed an allegation that the victim was seriously injured and changed the alleged. purpose of defendant's confinement, restraint or removal of the victim from "facilitating the commission of a felony" to "facilitating inflicting serious injury" constituted a substantial alteration of the charge against defendant and prejudiced defendant's ability to prepare for trial.

Judge HUNTER concurring in part and dissenting in part.

Appeal by defendant from judgment entered 11 January 2006 by Judge J. Gentry Caudill in Mecklenburg County Superior Court. Heard in the Court of Appeals 25 April 2007.

*Attorney General Roy Cooper, by Assistant Attorney General V. Lori Fuller, for the State.*

*Public Defender Isabel Scott Day, by Assistant Public Defender Julie Ramseur Lewis, for defendant.*

ELMORE, Judge.

On 9 January 2006, a jury found Broderick Terrell Morris (defendant) guilty of second-degree kidnapping and assault inflicting serious injury. On 11 January 2006, the trial court entered judgment against defendant, consolidated defendant's convictions for sentencing, and sentenced defendant to twenty to thirty-three months in prison. Defendant now appeals, contending that the trial court's amendment of the indictment against him substantially altered the charge and unfairly prejudiced his defense. Because we hold that the trial court's amendment of the indictment was in error, we vacate defendant's kidnapping conviction, grant him a new trial on that charge, and remand for resentencing.

On 26 November 2004, defendant allegedly broke into his girlfriend's home, argued with her, and beat her severely. His girlfriend, Freda, called her mother, Berta, the next day, requesting that Berta

take her to the hospital. When Berta asked Freda why, Freda told her that she and defendant "got into it, that he had broke in that night."

As Berta was not able to leave work, Berta and Freda called Freda's sister, Misty. Misty took Freda to the hospital, where Freda repeated her story to doctors and police, stating that defendant broke into her home, held her against her will, and beat her.

At trial, however, Freda recanted her former statements, claiming that on the night in question, she let defendant into her home; that they argued, in part, over defendant's involvements with other women; that defendant attempted to leave several times; that as defendant attempted to leave, Freda tried to kick him in the back, and in the process fell, thus sustaining injuries; that defendant was concerned for her health and asked to take her to the hospital but that Freda refused; and that in response to Freda yelling at him as he left, defendant punched and broke the window on his way out. Freda explained her claimed prior lack of honesty by stating that her family did not approve of defendant and that she feared that they would be angry and cease helping her financially if she admitted to having consented to seeing defendant.

Freda's testimony was contradicted by the testimony given by Berta, Misty, Officer Robert A. Murfitt, Detective Veda Strother, and Doctor Michael Thomason. Defendant offered no evidence in his defense.

On appeal, defendant first contends that the trial court erred in amending the kidnapping indictment. We agree.

The original bill of indictment alleges that:

[O]n or about and between the 26th day of November, 2004, and the 27th day of November, 2004, in Mecklenburg County, Broderick Terrell Morris did unlawfully, willfully and feloniously kidnap Freda . . ., a person who had attained the age of sixteen (16) years, by unlawfully confining her, restraining her, and removing her from one place to another, without her consent, and for the purpose of facilitating the commission of a felony. Freda . . . was seriously injured.

At trial, the judge amended the indictment, stating, "Given the State's position [that it announced at the beginning of trial its intention to proceed on a second-degree, rather than first-degree, kidnapping theory], and the Defendant's lack of objection . . . this bill of

indictment should be amended to reflect the charge that the State's proceeding on . . . ." Accordingly, the trial judge made the following changes: "The last sentence, Freda . . . , was seriously injured would be stricken. The last sentence, therefore, would read confining, restraining her, and removing her from one place to the other without her consent for the purpose of facilitating inflicting serious injury."

Our Supreme Court recently stated,

> In enacting Chapter 15A of the General Statutes, the Criminal Procedure Act, the General Assembly provided that a bill of indictment may not be amended. This Court has interpreted that provision to mean a bill of indictment may not be amended in a manner that substantially alters the charged offense. In determining whether an amendment is a substantial alteration, we must consider the multiple purposes served by indictments, the primary one being to enable the accused to prepare for trial.

*State v. Silas*, 360 N.C. 377, 379-80, 627 S.E.2d 604, 606 (2006) (quotations, citations, and alterations omitted).

Our General Statutes define the crime of kidnapping, in pertinent part, as follows:

> (a) Any person who shall unlawfully confine, restrain, or remove from one place to another, any other person 16 years of age or over without the consent of such person, or any other person under the age of 16 years without the consent of a parent or legal custodian of such person, shall be guilty of kidnapping if such confinement, restraint or removal is *for the purpose of*:

> \*\*\*

> (2) Facilitating the commission of any felony or facilitating flight of any person following the commission of a felony; or

> (3) Doing serious bodily harm to or terrorizing the person so confined, restrained or removed or any other person

> \*\*\*

> (b) There shall be two degrees of kidnapping as defined by subsection (a). If the person kidnapped . . . had been seriously injured . . ., the offense is kidnapping in the first degree and is punishable as a Class C felony.

N.C. Gen. Stat. § 14-39 (2005) (emphasis added).

STATE v. MORRIS

[185 N.C. App. 481 (2007)]

Defendant contends that by changing the alleged purpose of the "confinement, restraint or removal," the State substantially altered the indictment, to the detriment of his ability to prepare for trial. The State counters that the change in the indictment merely specified on which of the two purposes listed in the original indictment the State chose to proceed.

Contrary to the State's suggestion, it is clear from reading the original indictment that the State originally alleged that defendant confined, restrained, or removed Freda "for the purpose of facilitating the commission of a felony." Likewise, the inclusion of the allegation that she "was seriously injured" was obviously intended to elevate the crime to the first degree. The change was a substantial alteration.

This conclusion is consistent with our prior holdings in analogous cases. *See, e.g., State v. Brown,* 312 N.C. 237, 247-48, 321 S.E.2d 856, 862-63 (1984) (granting a new kidnapping trial where a judge instructed that the defendant could be found guilty if he removed, restrained or confined the alleged victim for the purpose of terrorizing her, rather than for the purpose of facilitating the commission of a felony, as alleged in the indictment); *State v. Bailey,* 97 N.C. App. 472, 478-79, 389 S.E.2d 131, 134 (1990) (granting a new trial for a kidnapping charge on the basis of a variance between the indictment, which alleged that the victim was not released in a safe place, and the jury instruction, which alleged infliction of serious bodily harm).

We therefore hold that the trial court erred in its amendment of the indictment. Defendant's second and third assignments of error, claiming ineffective assistance of counsel, are not properly before this Court.[1] Accordingly, we remand for a new trial on the kidnapping charge and resentencing, and find no error in defendant's assault inflicting serious injury conviction.

No error in part, new trial in part.

Judge GEER concurs.

Judge HUNTER dissents in part and concurs in part by separate opinion.

---

1. As defendant notes in his brief, "[m]ost ineffective assistance claims are properly brought in a motion for appropriate relief rather than on direct appeal." This is not the rare case in which an ineffective assistance claim can properly be litigated on the face of the record. We therefore decline to address the merits of this issue.

HUNTER, Judge, dissenting in part and concurring in part.

The majority has concluded that the trial court's amendment of defendant's indictment substantially altered the charge against him and therefore vacated defendant's kidnapping conviction and granted him a new trial on that charge. Because I disagree with the majority's holding I respectfully dissent on this issue, but agree with the majority that the issue of ineffective assistance of counsel is not properly before this Court.

In this case, the original bill of indictment alleged that:

[O]n or about and between the 26th day of November, 2004, and the 27th day of November, 2004, in Mecklenburg County, [defendant] did unlawfully, willfully and feloniously kidnap Freda . . . , a person who had attained the age of sixteen (16) years, by unlawfully confining her, restraining her, and removing her from one place to another, without her consent, and for the purpose of facilitating the commission of a felony. Freda . . . was seriously injured.

The last sentence of the indictment alleged that defendant committed a first degree kidnapping. *See* N.C. Gen. Stat. § 14-39(b) (2005) (defining one type of first degree kidnapping as a kidnapping in which the victim "had been seriously injured"). The language regarding "[f]acilitating the commission of a[] felony" alleged that defendant committed a second degree kidnapping. N.C. Gen. Stat. § 14-39(a)(2) and (b).

Before the jury was selected, the State announced in open court that insofar as the kidnapping indictment was concerned, it would only be proceeding on the theory of second degree kidnapping. At the close of the evidence, the judge amended the indictment to conform with the State's charge of second degree kidnapping. Thus, the last sentence of the indictment was stricken. The next to last sentence was amended to reflect the particular felony with which the State presented evidence—intent to inflict serious injury. Accordingly, that sentence read "confining, restraining her, and removing her from one place to the other without her consent for the purpose of facilitating inflicting serious injury." Thus, the only charge submitted to the jury relating to the alleged kidnapping was one of second degree.

Under N.C. Gen. Stat. § 15A-923(e) (2005), "[a] bill of indictment may not be amended." Our Supreme Court has interpreted this language "to mean a bill of indictment may not be amended in a manner that substantially alters the charged offense." *State v. Silas*, 360 N.C.

377, 380, 627 S.E.2d 604, 606 (2006). To determine whether an amendment constitutes a substantial alteration the reviewing court "consider[s] the multiple purposes served by indictments, the primary one being ' "to enable the accused to prepare for trial." ' " *Silas*, 360 N.C. at 380, 627 S.E.2d at 606 (citations omitted).

Defendant contends that by changing the purpose of the alleged kidnapping, the State substantially altered the indictment, to the detriment of this ability to prepare for trial. The State argues that the amendment merely reflected which of the two offenses, first degree or second degree, listed in the original indictment the State chose to pursue. At trial, the State chose to pursue the lesser included second degree offense.

In *State v. Bailey*, 97 N.C. App. 472, 389 S.E.2d 131 (1990), this Court found a substantial variance and ordered a new trial on the first degree kidnapping charge because "the trial court instructed the jury on serious bodily injury . . . while the indictment alleged as the basis for first-degree kidnapping that the victim was not released in a safe place." *Id.* at 478, 389 S.E.2d at 134. Similarly, our Supreme Court has granted a new trial where the defendant's indictment charged him with first degree kidnapping for failure to release the victim in a safe place under N.C. Gen. Stat. § 14-39(b) because the trial court instructed that "the jury must find that [defendant] 'removed, restrained and confined' the victim 'for the purpose of terrorizing' her, a theory under N.C.G.S. § 14-39(a)(3) totally distinct from the theory alleged in the indictment under (a)(2)[.]" *State v. Brown*, 312 N.C. 237, 247, 321 S.E.2d 856, 862 (1984).

Both *Bailey* and *Brown*, however, are distinguishable from the case at bar. In this case, the State proceeded on a theory of second degree kidnapping that was included in the original bill of indictment. This is not a case where the trial court instructed on a theory of kidnapping that was "totally distinct from the theor[ies] alleged in the indictment[.]" *See id.* Instead, the initial indictment alleged that the victim was "seriously injured." Accordingly, when the trial court amended the indictment to read, "for the purpose of facilitating inflicting serious injury" there was not a substantial alteration of the original indictment because the first indictment contained an allegation of serious injury. *See State v. Moore*, 315 N.C. 738, 743, 340 S.E.2d 401, 404 (1986) ("[t]he indictment in a kidnapping case must allege the purpose or purposes upon which the State intends to rely, and the State is restricted at trial to proving the purposes alleged in the indictment").

In *Silas,* the Supreme Court held that "[i]f the State seeks an indictment which contains specific allegations of the intended felony, the State may not later amend the indictment to alter such allegations." *Silas,* 360 N.C. at 383, 627 S.E.2d at 608. Such is not the case here. In this case, the State did not allege a specific felony. Instead, the portion of the indictment relating to the second degree charge merely stated that defendant intended to commit a felony within the course of the kidnapping. When the indictment was amended at the end of the trial it stated more specifically the felony (intent to inflict serious injury) of which the State presented evidence.

Additionally, there is no requirement that an indictment contain specific allegations that the defendant intended to commit a specific felony. *Id.* Although the *Silas* Court was addressing an amendment of an indictment for felonious breaking or entering, I would apply the same reasoning to this case. *See State v. Freeman,* 314 N.C. 432, 435, 333 S.E.2d 743, 745 (1985) (second degree kidnapping indictments need not allege which specific felony the defendant intended to commit; a general allegation that defendant intended to commit any felony is sufficient). In the instant case, the original indictment met the standard set out in *Silas* by alleging that defendant committed a felony in the course of confining, restraining, or removing the victim.[2] *See Silas,* 360 N.C. at 383, 627 S.E.2d at 608. Thus, defendant could rely on the allegations in the original indictment when preparing for trial because it contained an allegation that defendant intended to commit a felony. *Silas,* 360 N.C. at 380, 627 S.E.2d at 606 (the primary purpose of an indictment is to allow the accused to prepare for trial).

There being no need to amend the indictment under either *Silas* or *Freeman,* I fail to see how defendant can claim that he was prejudiced when the jury was submitted instructions regarding an intent to inflict serious injury. If anything, such an amendment and instruction could only aid defendant as the jury was thus limited to finding that specific felony rather than being able to find an intent to commit any felony.

For the foregoing reasons, I would hold that the amendment to defendant's indictment did not constitute a substantial alteration to the original indictment and would therefore find no error as to this issue.

2. In fact, under *Freeman,* there was no need to amend the indictment. The general allegation that defendant attempted to commit a felony in the original indictment would have been sufficient.